THE WABASH RAILROAD COMPANY

*v.*

MARY E. SPEER.

*Filed at Springfield May 14, 1895.*

1. JUDGMENT—*when entered on special finding and against general verdict.* Judgment can be entered upon a special finding, against the general verdict, only where such finding is so inconsistent with the verdict that the two cannot, upon any hypothesis, be reconciled.

2. NEGLIGENCE—*does not defeat recovery for willful injury.* Recovery for injuries resulting from reckless, willful or wanton acts will not be defeated by the mere negligence of the injured party, however great.

3. SAME—*injury from reckless or willful sounding of railroad whistle.* Negligence of one approaching a crossing and driving so close to the track as to cause her team to be frightened by the cars will not affect her right to recover, where the team was frightened by the needless and reckless, willful or wanton, sounding of the whistle.

4. SPECIAL FINDINGS—*failure of jury to answer interrogatory fully.* A party desiring a more complete special finding than that returned by the jury should ask the court to require the same, failing in which he must be deemed content with the finding returned.

5. SAME—*failure to find fully—construction of jury's answer.* To the question whether a railroad company *needlessly and recklessly, or willfully and wantonly,* blew the whistle by which a team was frightened, an answer by the jury simply that the whistle was "needlessly blown," cannot operate as a special finding that the whistle was not blown recklessly.

6. INSTRUCTIONS—*giving wrong definition of willfulness.*  In an action for injuries occasioned by the frightening of a team by a locomotive whistle, an instruction that plaintiff must show that the whistle was blown willfully, "that is, that the servant who caused the whistle to be blown did so *needlessly,* and knew, at the time, of the proximity of plaintiff's team," etc., is erroneous, as making mere knowledge of the proximity of such team conclusive of willfulness.

*Wabash Railroad Co.* v. *Speer,* 39 Ill. App. 599, reversed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Ford county; the Hon. ALFRED SAMPLE, Judge, presiding.

GEORGE B. BURNETT, for appellant:

The failure to find a fact by the party having the burden of proof is equivalent to a finding against him. *Stumpf* v. *Bauer,* 76 Ind. 157; *Jones* v. *Baird,* id. 164; *Morrow* v. *Commissioners,* 21 Kan. 484; *Railway Co.* v. *Dunleavy,* 129 Ill. 132.

It is error to instruct the jury upon a hypothesis which has no evidence to support it, and an instruction which tells the jury how to find if a certain fact exists, when there is no evidence of its existence, should not be given. *Railroad Co.* v. *Miller,* 71 Ill. 177.

As the evidence shows that plaintiff failed to exercise ordinary care to discover the approach of the train, when, by the exercise of such care, she might have discovered it in time to have avoided the injury, she was not entitled to recover.  *Railroad Co.* v. *Lee,* 68 Ill. 576; *Railroad Co.* v. *Johnson,* 103 id. 512; *Iron and Steel Co.* v. *Martin,* 115 id. 358; *Abend* v. *Railroad Co.* 111 id. 202; *Railroad Co.* v. *Warner,* 123 id. 38; *Willard* v. *Swansen,* 126 id. 381.

The rule is, that when the conclusion of negligence necessarily results from the statement of fact, the court may say, as a matter of law, that the fact establishes negligence.  *Railroad Co.* v. *O'Conner,* 119 Ill. 586.

COOK & MOFFETT, for appellee:

If the special findings of fact can, upon any hypothesis, be reconciled with the general verdict, the latter must stand. *Railway Co.* v. *Rowan,* 104 Ind. 88, and cases cited.

When there is a general verdict against defendant, certainly neither presumption nor intendment in his favor can be made for the purpose of awarding him a judgment. *Rice* v. *Evansville,* 108 Ind. 7.

The inconsistency must be irreconcilable, so as to be incapable of being removed by any evidence admissible under the issues. *Railway Co.* v. *Dunleavy,* 129 Ill. 132; *Railway Co.* v. *Voelker,* 129 id. 556; 2 Thompson on Trials, secs. 2690-2695, and cases in notes.

In construing special findings they must be construed as a whole, and one of a series cannot be singled out, and that one alone used to overthrow the general verdict. Thompson on Trials, sec. 2695, and cases cited.

That special findings may control the general verdict, the answers must exclude every conclusion that would authorize the general verdict, and there must be a repugnancy that could not have been removed by any additional finding as to the other facts which could have been made, upon any evidence, admissible under the issues. *Railroad Co.* v. *Hedges,* 105 Ind. 398.

Contributory negligence of the person injured will not excuse the other negligent party, if the contributory negligence be known to him, and he could have avoided it by the exercise of reasonable care. *Romick* v. *Railroad Co.* 62 Iowa, 167; *Murphy* v. *Deams,* 101 Mass. 455; *Railroad Co.* v. *Miller,* 25 Mich. 274; *Railroad Co.* v. *Johnson,* 103 Ill. 512; *Railroad Co.* v. *Flint,* 22 Ill. App. 502.

Although the plaintiff's negligence may have contributed to the accident, yet she may recover if the defendant could have avoided the injury by the exercise of ordinary care. *Railroad Co.* v. *Anderson's Admr.* 31 Gratt. 812; *Tanner's Exrs.* v. *Railroad Co.* 60 Ala. 621.

If the plaintiff, though negligent, would have suffered no injury had proper care and caution been observed by the defendant, the right of action is maintainable. *Isbell* v. *Railroad Co.* 27 Conn. 392; *Donohue* v. *Railroad Co.* 91 Mo. 357; *Railroad Co.* v. *Kean,* 28 Am. & Eng. Ry. Cases, 580; 2 Thompson on Negligence, 1105.

Where an injury could have been avoided by a railroad company after its servants became aware of the danger of the person injured, who was at a crossing, the company is liable. *Kean* v. *Railroad Co.* 61 Md. 154; *Railroad Co.* v. *McLin,* 83 Ind. 435.

Mr. JUSTICE BAILEY delivered the opinion of the court:

This was an action on the case, brought by Mary E. Speer, against the Wabash Railroad Company, to recover damages for a personal injury. The declaration, as filed, consisted of seven counts, but a demurrer was sustained to all the counts except the third and seventh, and to those counts the defendant pleaded not guilty. At the trial, upon the issues of fact thus formed, the jury found the defendant guilty, and assessed the plaintiff's damages at $2000, and for that sum and costs the plaintiff had judgment. That judgment has been affirmed by the Appellate Court on appeal, and this appeal is from the judgment of affirmance.

The third count of the declaration alleged, in substance, that the defendant, on approaching the highway crossing where the plaintiff was injured, with its locomotive engine and cars, failed to ring a bell or sound a whistle on its engine at a distance of eighty rods from the crossing, or to keep such bell ringing or whistle sounding until the crossing was reached, by means whereof the engine and cars ran close to certain horses-attached to a buggy or wagon in which the plaintiff was riding along the public highway, and with which she was then and there about to cross the railroad at the crossing, in the exercise of due care and caution, and frightened and

alarmed the plaintiff's horses, in consequence of which they became unmanageable, and whirled around and upset the plaintiff's buggy and threw her out upon the ground, thereby inflicting upon her the injuries complained of.

The seventh count alleged, in substance, that the plaintiff, at the time she was injured, was riding in a buggy drawn by two horses, the horses being gentle and accustomed to being near to and around locomotive engines and railroad cars, while in motion or otherwise, and not liable to be frightened by the ordinary noise of locomotive engines and cars; that as the plaintiff was driving her horses along a public highway and approaching the defendant's railroad, the defendant drove a certain locomotive engine and train of cars over and upon the crossing, and in so doing failed to give the plaintiff any notice of their approach, and failed to sound a whistle or ring a bell on the engine eighty rods from the crossing; and to keep the same sounding or ringing until the crossing was reached, by reason whereof the plaintiff, then and there exercising due care and caution, did not discover the approach of the engine and cars to the crossing until the team so driven by her was within a few feet of the crossing, and until it was too late for the plaintiff to drive over the crossing before it would be reached by the engine; that the plaintiff thereupon stopped her team and backed it to a safe distance from the crossing, to-wit, thirty feet therefrom, to a point where the team would not have become frightened at the engine and cars but for the negligence, recklessness and carelessness of the defendant hereinafter mentioned; that the defendant, when it had driven its engine and cars upon the crossing, without any warning to the plaintiff, willfully, negligently, recklessly and carelessly caused the whistle on the engine to be sounded or blown right upon the crossing or within a few feet of it, and right in front of the heads of the plaintiff's horses, thereby

frightening the horses and causing them to become un-
manageable, and to wheel around with the plaintiff's
buggy, so as to throw her out on to the ground in a vio-
lent manner, thereby causing the injuries complained of.

The defendant's railroad, at the point in question,
runs north and south, the plaintiff's residence being a
few rods west of the railroad crossing where the injury
occurred. The crossing is about a mile and a half south
of Gibson, in Ford county. The evidence tends to show
that on the day of the injury the plaintiff left Gibson for
home at about eleven o'clock in the forenoon, driving two
horses hitched to a buggy or spring wagon. She drove
from Gibson in a southerly direction upon a road which
runs parallel with and about one-half mile east of the
railroad, until she reached an east and west road leading
to her home, where she turned west and drove towards
the railroad crossing.

The evidence also tends to show that the day was a
bright, clear day in September, and that there was noth-
ing to obstruct her view of approaching trains. Her own
testimony tends to show that, after turning towards the
crossing, she was watching for a train from the south but
was not looking for a train from the north, and that she
had her attention particularly directed towards her little
boy, who was coming to meet her; that when she came
near the track she discovered a freight train approach-
ing from the north and then close to the crossing; that
she backed her team, but that they became frightened by
two sharp, shrill sounds of the whistle blown right at
the crossing, and turned around, throwing her out on to
the ground and seriously injuring her. The evidence as
to whether the statutory signals were given as the engine
was approaching the crossing is conflicting.

At the instance of the plaintiff the jury returned, with
their general verdict, the following special findings:

"Was the bell on the engine in question rung or whistle
sounded at a distance of eighty rods from the crossing in

question, and such bell kept ringing or whistle sounding until such crossing was reached?—Ans. No.

"Would the injury to the plaintiff have been averted had the servants of the defendant in charge of the engine in question rung the bell on said engine or sounded the whistle on the same at a distance of eighty rods from the crossing, and kept said bell ringing or whistle sounding until such crossing was reached by such engine?—Ans. Yes.

"Did the defendant, by its agents or servants, at the time in question, when the engine in question was upon the crossing, needlessly and recklessly, or willfully and wantonly, blow the whistle on the engine?—Ans. Was needlessly blown.

"Was the injury to the plaintiff occasioned by reason of the needless blowing of the whistle on the engine in question, on the crossing in question, at the time in question?—Ans. Yes."

At the instance of the defendant the following special findings of fact also were returned by the jury:

"Did the plaintiff, on approaching the railway, exercise ordinary care to discover the approach of the train before driving so close to the track as to cause her team to be frightened by the train?—Ans. No.

"Did the plaintiff exercise slight diligence to discover the approach of the train before driving so close to the track as to cause her team to be frightened by the train? —Ans. Yes."

The defendant insists that the special findings of the jury, especially the finding that the plaintiff was not in the exercise of ordinary care to discover the approach of the train before driving so close to the track as to cause her team to become frightened by the train, is inconsistent with the general verdict of guilty, and that judgment ought therefore to have been rendered in favor of the defendant on the special findings. If the trial had been exclusively upon the third count of the declaration there

would have been much force in this contention.  By that
count the plaintiff sought to recover upon the ground of
mere negligence, and the jury having found her guilty of
a want of ordinary care in a matter which manifestly
contributed to her injury, it is impossible to see how a
recovery could be sustained under that count.

But the general verdict must be sustained, if at all,
under the seventh count, in which the wrongful act com-
plained of is alleged to have been committed by the
defendant willfully and recklessly.  It is only where the
special finding is so inconsistent with the general verdict
that the two cannot, upon any hypothesis, be reconciled,
that judgment can be entered upon the special finding.
(*Pahlman* v. *Taylor*, 75 Ill. 629; *Chicago and Northwestern
Railway Co.* v. *Dunleavy*, 129 id. 132.)  It is well settled
that where the injury results from the reckless, willful
or wanton act of the defendant, the plaintiff's right of
recovery will not be defeated by his mere negligence,
however great.  Thus, in *Chicago, Burlington and Quincy
Railroad Co.* v. *Dickson*, 88 Ill. 431, which was a case not
unlike that alleged in the seventh count of the declara-
tion, it was said:  "No recovery could be had under that
count without proof that the sounding of the whistle in
the manner charged was done needlessly, and either
wantonly, recklessly, willfully or maliciously.  The case
plaintiff attempted to make by proof was under this
count.  To a case thus made it is no defense to say that
the plaintiff was guilty of even great negligence in enter-
ing the lane in question when the train was about to
pass.  No matter how great may have been the negli-
gence or imprudence of the previous act of entering the
lane, it could not excuse the servants of defendant if, after
the lane was entered and there was no way of escape, the
servants of the defendant, knowing the situation, sounded
the whistle in alarming sounds, and did so needlessly and
recklessly, wantonly, willfully or maliciously."  So here,
if the injury to the plaintiff was caused by the needless

and reckless, willful or wanton, sounding of the whistle, her negligence in approaching the crossing and driving so close to the track as to cause her team to be frightened by the cars in no way affects her right to recover.

It cannot, therefore, be said that the special findings of fact are so far inconsistent with the general verdict upon the issue made under the seventh count that judgment should have been entered upon the special findings in favor of the defendant, and there was no error in denying the defendant's motion for such judgment. If there had been a special finding that the whistle was neither recklessly, willfully, wantonly nor maliciously blown, it would have been otherwise.

Nor are we disposed to think, as counsel for the defendant contends, that the failure of the jury to answer fully the third special interrogatory put to them at the instance of the plaintiff should be construed as a special finding that the whistle was not blown recklessly. Counsel is mistaken in supposing that any such construction of the finding is warranted by any rule laid down in *Chicago and Northwestern Railway Co.* v. *Dunleavy, supra.* The finding returned by the jury was merely that the whistle was needlessly blown. If either party had desired a fuller and more complete finding, he should have asked the court to require the jury to find fully upon the entire interrogatory submitted. As they failed to do so, they must be deemed to be content with the findings as returned by the jury, and they cannot now assume findings by the jury upon questions to which they in fact returned no answer.

Counsel for the defendant also contends that there was no evidence tending to support the allegation that the whistle was recklessly or wantonly blown. As our decision must rest upon another ground, we forbear discussing the evidence or expressing any opinion as to its probative force, beyond merely saying that the motives which actuated the defendant's servants in blowing the

whistle must be determined from all the circumstances
of the case as disclosed by the evidence, and the circum-
stances proved being subject to such construction as the
jury, in the exercise of their proper function, are con-
vinced is the true one, we are unable to say, as a matter
of law, that there was no evidence tending to show reck-
lessness, willfulness or wantonness.

But we are of the opinion that the trial court committed
an error in modifying the defendant's ninth instruction
and giving it to the jury as modified, for which the
judgment must be reversed.   That instruction, as asked,
was in these words:

"Upon the issue raised by the seventh count of the
plaintiff's declaration the court instructs you as follows:
To enable the plaintiff to recover it is incumbent on her
to satisfy the jury, by a preponderance of the evidence,
that the whistle was blown upon the engine in question
wantonly and willfully,—that is, that the servant who
caused the whistle to be blown upon said engine knew, at
the time, of the proximity of the plaintiff's team to the
railway, and intentionally blew the whistle with a design
to frighten the plaintiff's team."

As modified and given to the jury the instruction was
in these words:

"Upon the issue raised by the seventh count of the
plaintiff's declaration the court instructs you as follows:
To entitle the plaintiff to recover it is incumbent on her
to cause the jury to believe, from a preponderance of the
evidence, that the whistle was blown upon the engine
needlessly and willfully,—that is to say, that the servant
who caused the whistle to be blown upon said engine did
so needlessly, and knew, at the time, of the proximity of
the plaintiff's team to the railway."

We are not prepared to say that the instruction should
have been given as asked, since wantonness, willfulness
or recklessness in blowing the whistle may have existed
without any actual knowledge of the proximity of the

plaintiff's team to the railway. It may have consisted of a general malicious intent to do injury to others, under circumstances where the injury was likely to result to any and all persons who might chance to be in the vicinity with their teams, and where it was probable that different persons might be thus situated.

But while this may be true, we think it too plain for argument that the instruction, as modified and given to the jury, was erroneous and misleading. After stating that, to entitle the plaintiff to recover, it must appear that the whistle was needlessly and willfully blown, it proceeds to define those terms as meaning, merely, that the whistle was needlessly blown and that the servant who blew it knew of the proximity of the plaintiff's team to the railway. Mere knowledge on the part of the defendant's servant of the proximity of the plaintiff's team to the railway was thus made equivalent to or conclusive evidence of willfulness, provided the blowing of the whistle turned out to be needless. The defendant's engineer may have blown the whistle in perfect good faith, and with an honest belief that in blowing it he was subserving the plaintiff's safety in the best possible way, still, according to the instruction, if it turned out that the blowing was unnecessary the act was to be deemed willful, wanton or malicious. It needs no argument to prove that such is not, and cannot be, the law.

No other instructions were given by which the error here pointed out can be deemed to have been cured. On the other hand, this instruction furnished a definition of willfulness which, as applied to the other instructions in which that term was used, rendered them also erroneous and misleading.

For the error in giving the ninth instruction as modified by the court, the judgments of the Appellate and circuit courts will be reversed, and the cause will be remanded to the circuit court for a new trial.

*Judgment reversed.*