DETERMINED IN THE

# FIRST DISTRICT

OF THE

# APPELLATE COURT OF ILLINOIS

## DURING THE YEAR 1904.

---

### West Chicago Street Railroad Company v. Lillian E. Yale.

#### Gen. No. 11,569.

1. VERDICT—*when, not excessive.* A verdict for $7,500 is not excessive where it was not disputed that the plaintiff before the accident was a strong, healthy woman, unmarried, and of the age of forty-four years, and where it appears by a preponderance of the evidence that ever since the date of her injury she has been under the care of physicians, without improvement; that she has intense headaches and continuous pains along her spine and in her left hip; that. her left instep is lame; that there is a loss of sensation of the skin of the left side; that she has not full control of the muscles of her left arm; that her sight and hearing are impaired; that she is unable to sleep without the use of narcotics; that she tires easily and cannot do housework as she was accustomed to do prior to her injury, and that she is nervous and irritable.

2. PROVINCE OF JURY—*when instruction as to, not reversible error.* An instruction upon this subject as follows: "The court does not, in any of the instructions which it is giving you, mean or intend to tell you, or even to intimate to you, what any of the facts in this case are, but you are the sole judges of what the facts in this case are; and so also the court does not in any of its instructions to you, mean or intend to say, or even to intimate what your verdict in this case should be,"—though subject to criticism, is not reversible error.

3. INSTRUCTION—*when estoppel to complain of, arises.* Estoppel to complain of a defect in an instruction arises where an instruction given at the request of the complaining party contains a like vice.

Action on the case for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. TRUMAN E. AMES, Judge, presiding.

(155)

Heard in this court at the October term, 1903. Affirmed. Opinion filed November 28, 1904.

**Statement by the Court.** Appellee brought suit to recover damages for personal injuries received by her December 14, 1897, at the intersection of Western avenue, which runs north and south, and Jackson boulevard, an east and west public highway, in the city of Chicago. Appellant was operating a double track electric street railway in Western avenue. The south-bound cars ran on the west track. Appellee took a south-bound car at Madison street, intending to ride to Jackson boulevard. It then was the custom for the south-bound cars to stop on the north side of this boulevard to receive and to discharge passengers. The street pavement at this point was very rough, and was wet and slippery at the time in question. As the car approached the boulevard it slowed down and appellee left her seat in the body of the car and went to the rear platform for the purpose of alighting. Thereafter she was either thrown from the car by a sudden quick jolting motion of the car, or when the car stopped she stepped from the platform and after she had gone two or three paces, slipped and fell to the ground. At that time and place she sustained the injuries of which she here complains. The trial resulted in a verdict finding appellant guilty and assessing appellee's damages at the sum of $7,500. The court entered judgment upon the verdict, and appellant perfected this appeal.

JOHN A. ROSE and LOUIS BOISOT, for appellant; W. W. GURLEY, of counsel.

MORAN, MAYER & MEYER, for appellee.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

The first contention of appellant is that the verdict is not supported by the evidence.

The testimony of appellee tended to prove that when she came out on the rear platform she faced to the west

with her left hand on a horizontal bar fastened to the rear of the body of the car, and stood there waiting for the car to stop before she stepped off; that while thus standing and before it had stopped, the car started up with a sudden jolting up and down and forward motion, which threw her from her feet and pitched her into the street towards the sidewalk; and that the conductor helped her up, asked her if she was hurt, and took her name and address. This is the substance of the evidence concerning the accident as testified to by appellee and by Miss Hauser, who was on the east sidewalk of Western avenue about seventy-five feet north of the street crossing.

The evidence for appellant tended to prove that after the car had stopped appellee came out of the car and stepped off, and after she had gone two or three steps from the car, slipped upon the rough and wet pavement and fell to the ground. This is the testimony of four witnesses, one a passenger and the other three employes of appellant.

Without here reciting in detail the evidence of these several witnesses, it is sufficient for us to say that a careful examination of the record does not indicate that the jury were moved by passion, prejudice or a misapprehension of the evidence, nor can we say that the verdict is clearly and manifestly against the evidence. The presumption is that the jury did not violate its sworn duty, but is that it decided correctly. Mere number of witnesses is not the sole rule upon which cases are to be determined. Their appearance on the stand and manner of testifying, their prejudice and feelings, if any are manifested, do not appear upon the printed page. All these things were seen and heard by the jury and by the trial judge. Hence we cannot reverse a case unless it clearly appears that the finding is not supported by the evidence and is manifestly against the weight of the evidence. The law has confided the credibility of the several witnesses, and the weight of all the evidence to the jury, subject to the control of the trial judge upon the motion for

new trial, and to the judgment 'of this court on appeal. Upon a consideration of the whole case, we must leave the determination of these questions where the law places it, and refuse to disturb this finding upon the ground that the verdict is against the weight of the evidence.

It is also contended that the verdict is excessive. It is not disputed but that appellee before the accident was a strong, healthy woman. She was then forty-four years of age and unmarried. It appears by a preponderance of the evidence that ever since the date of her injury she has been under the care of physicians, without improvement; that she has intense headaches and continuous pains along her spine and in her left hip; that her left instep is lame; that there is a loss of sensation of the skin of the left side; that she has not full control of the muscles of her left arm; that her sight and hearing are impaired; that she is unable to sleep without the use of narcotics; that she tires easily and cannot do housework as she was accustomed to do prior to her injury; and that she is nervous and irritable. In short, that she is suffering from traumatic hysteria as the result of the accident, and such condition is permanent. Under these circumstances the damages assessed by the jury are not so great as to induce us to believe the jury acted from prejudice, passion, partiality or corruption, and therefore it is not for us to say that the verdict is excessive. C. & A. Ry. Co. v. Fisher, 38 Ill. App. 33, affirmed 141 Ill. 614.

The trial judge, at the request of appellee, gave the jury the following instruction :

"The court does not, in any of the instructions which it is giving you, mean or intend. to tell you, or even to intimate to you, what any of the facts in this case are, but you are the sole judges of what the facts in this case are; and so also the court does not in any of its instructions to you, mean or intend to say, or even to intimate, what your verdict in this case should be."

Appellant asserts that this instruction is misleading and erroneous, because it tends to make the jury independent of the court, and to give them the impression that they are at liberty to decide the case regardless of the instructions and

West Chicago Street R. R. Co. v. Vale.

of the evidence.   If it be admitted that this instruction is defective in not stating to the jury that they were to find the facts "from the evidence," and in not telling them that in determining the facts they were to be guided by the "instructions of the court," such defect is not necessarily reversible error.   Instructions are to be considered as a single series, and when so considered, if, as a whole, they state the law correctly, it is sufficient, even though one or more of them, standing alone, might be erroneous.   Central Ry. Co. v. Bannister, 195 Ill. 50.

The third instruction tendered by appellant and given by the court concludes with these words :   "In considering and deciding this case the jury should look solely to the evidence for the facts, and to the instructions of the court for the law of the case, and find their verdict accordingly without any reference as to who is plaintiff or who is defendant."

Again, the sixth instruction given at the request of appellant reads as follows:   "The instructions given to the jury by the court must be accepted by them as the law governing the case; the jury will not be justified in finding a verdict contrary to the law laid down in the instructions. While the jury are the judges of the facts in this case, it is your duty to determine such facts under the law as laid down in the instructions of the court."   The same rule, in varying language, is stated in instructions Nos. 5, 7, 11, 12, 13 and 14, each of which was given at the request of appellant.

There is no conflict in the instruction given at the request of appellee and these instructions given at the request of appellant.   Under the rule as above stated, it follows that any defect, caused by the absence of the phrases "from the evidence " and " under the instructions of the court " from the first instruction, is remedied by appellant's given instructions last above referred to.

Further, appellant's given instruction No. 6 omits the phrase " from the evidence;" and No. 15 fails to require the jury to be guided by " the instructions of the court."

Appellant is estopped from complaining of a defect in the instruction given at the request of appellee, because at its request the court gave instructions containing like defects. Rock Island S. & D. Wks. v. Pohlman, 99 Ill. App. 674; L. S. & M. S. Ry. Co. v. Conway, 169 Ill. 507; Sibley Warehouse Co. v. Durand Co., 200 Ill. 357; Slack v. Harris, 200 Ill. 115.

Finding no substantial error in the record, the judgment of the Circuit Court is affirmed.

*Affirmed.*