## George T. Giles, Appellee, v. Peoria Railway Company, Appellant.

### Gen. No. 5,225.

1. NEGLIGENCE—*when question of wilfulness for jury.* Held, under the evidence, that it was a question for the jury whether or not the conduct of the motorneer in running the car in question in this case at the speed he did and in not stopping it when the plaintiff was plainly in view, standing close to the rail, as he approached, and having him in view for at least four blocks, was wanton and wilful.

2. NEGLIGENCE—*what not essential to establish wilfulness.* It is not necessary to sustain a charge of wilful and wanton injury for the plaintiff to prove an intention on the part of the servants of the defendant to injure him.

3. VERDICT—*when not disturbed.* A verdict based upon conflicting testimony will not be set aside unless clearly and manifestly against the weight of the evidence.

Action in case for personal injuries. Appeal from the Circuit Court of Peoria county; the Hon. N. E. WORTHINGTON, Judge, presiding. Heard in this court at the April term, 1909. Affirmed. Opinion filed March 11, 1910.

PINKNEY & McROBERTS, for appellant.

CHARLES C. DUTCH, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Appellant operates a single track interurban line from the city of Peoria into Richwoods township. An interurban car operated by it, going north on a public highway, struck appellee at a cross street and injured him. He brought this suit to recover damages therefor. His declaration did not allege that he exercised any care whatever, but it charged that the conduct of defendant in running against and striking him was wanton and wilful. There was a jury trial and a verdict and a judgment for $300 in favor of appellee, from which defendant below appeals.

Appellant contends that there is no proof from which the jury could find that appellant wilfully and wantonly ran against appellee, and that therefore the court erred in refusing to direct a verdict for appellant at the close of all the evidence. Appellant's car was being driven north along a certain highway. The car could only be entered on the right hand side at the rear. At the cross road in question there was, on the east side of the track and north side of the cross road, a small platform where passengers could enter and alight from a car when bound north, and on the west side of the track and the south side of the cross road was a like platform where passengers could enter and alight when the car was south bound. Appellee had been in a saloon a long time, and was undoubtedly under the influence of liquor. He wished to go south to Peoria. He and two other men went to the platform on the south side of the cross road. According to the testimony of himself

and one other witness, he stood close to the track, facing north, for about ten minutes, watching for a south bound car. This car, bound north, had a straight track for at least four blocks. The motorneer saw him. The car was running at from ten to twenty miles per hour. No effort was made to slacken speed till just before the car reached him and when it was too late to stop it before striking him. The testimony for appellant, given by the motorneer and one passenger in the car, was that appellee stood on the platform beyond the track of the car till just before the car reached him, when he wandered or veered or staggered over towards the track so that the corner of the car struck him. If the testimony introduced by appellant was true, it required a verdict for appellant. If the testimony introduced for appellee was true, then it was a question for the jury whether or not the conduct of the motorneer in running the car at the speed he did and in not stopping when appellee was plainly in view, standing close to the rail as he approached and had him in view for at least four blocks, was wanton and wilful. In Chicago Terminal R. R. Co. v. Gruss, 200 Ill. 195, some counts of the declaration charged that the injury was wilfully and wantonly inflicted. The court said: ''We are of the opinion that the evidence tended to prove that appellant was guilty of wantonly backing its train against the appellee and injuring her, as charged in the declaration. It appears that the train ran back a distance of one hundred feet after the brakeman had discovered and knew her perilous position on the bridge. As the engineer testified, he could have stopped the train within thirty feet after having received a signal to stop. It was a question for the jury, under all the circumstances in evidence, whether appellant's servants in charge of the train were guilty of wilfulness or wantonness or not.'' In P. C. C. & St. L. Ry Co. v. Kinnare, 203 Ill. 388, the declaration did not allege that deceased exercised any care but charged that his death was caused by wanton and wilful acts

of defendant. The court said: "The evidence on the part of the plaintiff tended to prove that deceased was in plain view of defendant's engineer, who was looking towards him; that the tender had a sloping top, and the engineer could see the rails at a distance of seventy feet from the engine and could see the deceased at a less distance, that the engineer saw him and backed the engine slowly toward him without warning of any kind; that deceased remained in the same position as long as the engineer could see him, and the engine could have been readily stopped, but the engineer continued backing up until the accident. The evidence fairly tended to prove the averments of the declaration." It follows that the evidence offered by appellee tended to prove that the conduct of the motorneer, the servant of appellant, running the car, was wilful and wanton. By the sixth instruction given at appellant's request the jury were told that if appellee's injuries were sustained as the result of his suddenly stepping near the track on which the car was approaching and in consequence whereof he was struck by the car and injured he could not recover. The jury, therefore, must have believed appellee and his witness and disbelieved the testimony introduced by appellant. The trial judge has approved the verdict. Upon such conflicting testimony a verdict either way, sustained by the trial judge, cannot be set aside here as clearly against the weight of the testimony. The negligence of the plaintiff is not a defense where the conduct of defendant producing the injury is wilful and wanton. Wabash R. R. Co. v. Speer, 156 Ill. 244; C. B. & Q. R. R. Co. v. Dickson, 88 Ill. 431.

The first instruction told the jury that if the proof sustained the charge of wantonness and wilfulness it was not necessary for the appellee to prove that he was exercising any care whatever. It is argued that it was necessary for appellee to prove an intent to injure him. In Chicago City Ry. Co. v. Jordan,

215 Ill. 390, a count of the declaration charged that the injury was caused by the wilful and wanton conduct of servants in charge of the car. It was held that there was no evidence to prove a wanton or wilful injury and that an instruction on that subject was improper and was improperly given, but in discussing the subject the court said: "It is true that it was not necessary, to sustain the charge of a wilful or wanton injury, that plaintiff should prove an intention on the part of the servants of the defendant to drive the car upon the deceased or that they entertained an ill-will against him, but in such case it would be necessary to prove not negligence merely, of any degree, but such conduct as would show a general intent to inflict an injury." The court further said: "Where there is a particular intention to injure, or a degree of wanton or wilful recklessness which authorizes a presumption of an intention to injure generally, the act ceases to be merely negligent and becomes wilful or wanton. In such a case there may be an actual intention to injure, or such a conscious or intentional disregard of the rights of others as to warrant a conclusion that an injury was intended. The true rule was stated in the case above cited, that in negligence, merely, there is no purpose to do a wrongful act or omit the performance of a duty, but that there may be such a dereliction of duty as will furnish evidence of a wilful or wanton act." I. C. R. R. Co. v. Godfrey, 71 Ill. 500; L. S. & M. S. Ry. Co. v. Bodemer, 139 Ill. 596. The other instructions given for appellee, of which complaint is made, conform to the views herein expressed.

The judgment is therefore affirmed.

*Affirmed.*