Paul S. Mantonya, Appellant, v. Wilbur Lumber Company, Appellee.

Gen. No. 7,930.

May term, 1928.                    Heard in this court at the
                                  Opinion filed February 4,
1929.

PAUL MACGUFFIN, for appellant.

LOUCKS, ECKERT & PETERSON, for appellee.

MR. PRESIDING JUSTICE JONES delivered the opinion of the court.

Paul S. Mantonya, appellant, instituted an action on the case against Wilbur Lumber Company, appellee, to recover for damages growing out of a collision between the automobile which he was driving, and a truck owned by appellee and operated by one of its drivers. The respective parties will be hereinafter referred to as plaintiff and defendant.

State Highway No. 21 is a paved road, running in a northwesterly and southeasterly direction between Gray's Lake and Antioch in Lake county. At a point north of Gray's Lake, the State highway intersects a north and south road, which is graveled north of the intersection but not south of it. The collision occurred at the intersection of the two roads about 10 o'clock in the morning.

The declaration consists of four counts. The first count avers that the paved road was heavily traveled and used daily by a great many people and vehicles, with much less travel on the intersecting road; that defendant was operating a truck in a southerly direction upon the dirt or gravel road; that plaintiff was driving his automobile in a northwesterly direction upon the paved road, toward and over the road crossing, with ordinary care on his part; that it was the duty of defendant to exercise ordinary and reasonable care in the operation of said truck, with due regard for the rights and safety of persons and vehicles lawfully using route 21, but that defendant so unskilfully, negligently, carelessly, and improperly drove and operated said motor truck that, as a direct and proximate result, the motor truck was brought into violent collision at said point of crossing, with plaintiff's automobile, whereby plaintiff was injured and his automobile destroyed. The second count differs from the first in that it avers the defendant caused the collision by failure to restrict the speed of the motor truck to a reasonable rate in view of the heavy traffic at the intersection, and drove the truck at a high and unrea-

sonable rate of speed across said route 21. The third count avers failure to bring the motor truck to a full stop before proceeding on or across said route 21 as required by law, resulting in the collision and consequent injuries. The fourth count charges wilful and wanton misconduct in the operation of the motor truck and that the same caused the collision and damage in question. This appeal is from a judgment rendered upon a verdict in favor of defendant.

According to the evidence on behalf of the plaintiff, he was driving in a northwesterly direction on State Highway No. 21 and was following a car about 100 feet ahead of him. Both cars were traveling about the rate of 30 miles an hour, and when plaintiff was approximately 300 feet southeast of the crossing, he observed defendant's truck approaching the crossing from the north "at a pretty good clip"; that when the truck was about 125 feet north of the crossing, it started to slow up and plaintiff continued traveling around 30 miles an hour. Plaintiff turned his head to the left and looked down the north and south road, but observed nothing coming from that direction. He looked again at the car ahead of him, and discovered the truck approaching the crossing at a rate of speed greater than that of his own car, which was then only about 150 feet from the crossing. In attempting to avoid a collision he swung his car to the left, put his foot on the accelerator and went off the concrete to the left. Just as his car went off the slab and while it was about the middle of the north and south road, the truck ran into his car, striking it at the front door. Both cars were ditched, and the front end of the truck was imbedded in his car.

The operator of the truck testified that he did not stop at the crossing before going onto the concrete road, but reduced his speed to two miles per hour, and was traveling at that rate with the brakes set when the collision occurred; that the front wheel of plaintiff's

car ran into the front of his truck, tearing off the front bumper and radiator, and bending the frame to the right at an angle of 45 degrees.

Section 33 of the Motor Vehicles Act, Cahill's St. ch. 95a, ¶ 34, provides: "Motor vehicles entering upon or crossing

"1. A highway which has been designated by law as one of Routes 1 to 46 inclusive, in the Act selecting such routes for improvement by the State and upon which has been constructed a durable hard-surfaced road; or . . . shall come to a full stop as near the right-of-way line as possible before driving on the paved portion and regardless of direction, shall give the right-of-way to vehicles upon said highway." Under the provisions of this section, no one has a right to cross a hard road, until he has stopped and ascertained that the way is clear for him. Cars on any road designated by this section, no matter from which direction they are coming, have the right of way over cars on intersecting roads.

The driver of the truck not only failed to stop before attempting to cross the paved road, but the evidence strongly tends to show that he attempted to cross it at a high rate of speed, under circumstances which he should have known would likely cause a collision. The physical facts conflict with his testimony as to his speed. If the truck had been traveling at a rate of two miles an hour, he could have stopped it in a foot or two and he so testified.

Plaintiff complains of the court's refusal to give refused instruction No. 1 on wilful and wanton misconduct. No instruction was given on that issue. When the case was submitted to the jury, the fourth count was in the declaration, and if there was any evidence fairly tending to support that count, the instruction should have been given. If there was no such evidence, then the fourth count should have been withdrawn from the consideration of the jury. The evidence

shows that there was a clear view of the crossing from both north and south. The driver of the truck saw plaintiff approaching the crossing in ample time to have stopped his truck before attempting to cross the pavement. The law says he should stop, yet he failed to do it. The evidence indicates that the truck came onto the pavement at a high rate of speed and without regard to the plaintiff's rights or safety. To constitute wilful and wanton misconduct, it is not always necessary to prove that the defendant was actuated by ill-will toward the plaintiff. An entire absence of care for the life, person, or property of others, if such as exhibits indifference to consequences, makes a case of constructive or legal wilfulness. *(Heidenreich v. Bremner,* 260 Ill. 439.) To the same effect are the cases of *Neice v. Chicago & A. R. Co.,* 254 Ill. 595; *East St. Louis Connecting Ry. Co. v. O'Hara,* 150 Ill. 580; *Giles v. Peoria Ry. Co.,* 153 Ill. App. 625; *Lund v. Osborne,* 200 Ill. App. 457; *Brown v. Illinois Terminal Co.,* 319 Ill. 326; *Bernier v. Illinois Cent. R. Co.,* 296 Ill. 464.

It is a matter of common knowledge that paved State routes are heavily traveled. The general use by the public of a highway, so as to create a probability of the presence of people, requires the exercise of a higher degree of care in approaching such places, than is required at places less frequently traveled *(Heidenreich v. Bremner, supra),* and might make an act which would otherwise be merely negligent so reckless as to indicate a disregard for life or a general disposition to do injury. *(Neice v. Chicago & A. R. Co., supra; Wabash R. Co. v. Jones,* 163 Ill. 167.)

Under the evidence in this case, it was a question for the jury to say whether or not the truck driver was guilty of wilful and wanton misconduct in driving onto the slab directly in the path of a rapidly approaching car which by statute had the right of way. Where there is any evidence in the record fairly tending to

show such gross want of care as to indicate a wilful disregard of consequences or a willingness to inflict injury, then it is a question to be determined by the jury whether or not the negligent conduct of the defendant amounted to wantonness and wilfulness. (*Walldren Express & Van Co. v. Krug,* 291 Ill. 472; *Bremer v. Lake Erie & W. R. Co.,* 318 Ill. 11.) A trial court should never take a case from the jury or direct a verdict for the defendant where to do so is to determine the weight of the plaintiff's evidence. The court is limited strictly to determine whether or not there is any evidence fairly tending to prove the facts alleged. (*Kinsey v. Zimmerman,* 329 Ill. 75; *Mirich v. T. J. Forschner Contracting Co.,* 312 Ill. 343.) In view of the state of the record, we think the question of whether or not the collision was the result of wilful and wanton misconduct should have been submitted to the jury under proper instructions, and we see no substantial defect in the refused instruction.

Defendant's sixth, seventh, eighth, ninth, and tenth instructions ignored the issue of wilful misconduct. They told the jury that contributory negligence on the part of the plaintiff was a complete defense. Contributory negligence is no defense or excuse for wilful and wanton misconduct on the part of a defendant. (*Heidenreich v. Bremner, supra; Lake Shore & M. S. Ry. Co. v. Bodemer,* 139 Ill. 596; *Wabash R. Co. v. Speer,* 156 Ill. 244.) Although an instruction asked by a defendant may be proper under a particular count or counts, it should be refused if it is not good as to certain other counts and its scope is not limited to the counts as to which it is proper. (*Dudley v. Peoria Ry. Co.,* 153 Ill. App. 619.) None of defendant's instructions were so limited. Defendant's ninth instruction is directly contradictory to the provisions of section 33 of the Motor Vehicles Act, Cahill's St. ch. 95a, ¶ 34, and directs a verdict. It told the jury that if they believe from the evidence that a reasonable man should

have been able to see defendant's truck within time to stop and avoid the accident under the prevailing conditions, they will find the plaintiff guilty of contributory negligence and the defendant not guilty. Defendant's instructions six to ten inclusive were erroneous.

The judgment of the circuit court is reversed and the cause remanded.

*Reversed and remanded.*