474

Everett B. McCarty, Appellee, v. O. H. Yates and Company, Inc., Appellant.

Opinion filed March 9, 1938.  Rehearing denied April 15, 1938.

A. A. Alexander, of St. Louis, Mo., and Terry, Gueltig & Powell, of Edwardsville, for appellant.

Robert W. Tunnell, of Edwardsville, for appellee.

Mr. Justice Edwards delivered the opinion of the court.

Plaintiff brought suit against defendant to recover damages for personal injuries sustained as a result of a collision between a car in which he was riding and a truck belonging to defendant. There was a jury verdict for plaintiff in the sum of $10,000; the trial court required a remittitur of $2,500, which plaintiff accepted. Judgment was entered for $7,500, and defendant appeals.

The complaint as amended, consisting of a single count, charged both general negligence, and wilful and wanton misconduct, as a basis for suit. Defendant in answer denied both negligence and wantonness on its part, and also denied agency of the driver at the time of the collision, averring contributory negligence as well as wanton misconduct of plaintiff, and alleged a counterclaim for damages sustained by reason of injuries to its truck.

Plaintiff's contention is that he was riding westerly with Mr. and Mrs. Carl Morgan, on a bright clear day, along U. S. Highway 67, about a mile and a half west of Alton and at a point about 140 feet east of an unpaved, though improved, highway known as Levis Lane, which, running from the south, extended to and ended at the south line of said Highway 67; that a truck belonging to defendant, and operated by Barzilla P. Parish, its servant, who was accompanied by another of its employees named Virgil Wright, came suddenly out of Levis Lane at a high rate of speed, without coming to a stop, although there was a stop sign at the south line of said paved highway, went

clear across the pavement and then turned east on the north or left side of the highway; that as it progressed easterly it was veering from side to side and traveling 30 miles or more an hour; that when plaintiff saw its approach his car was going in the neighborhood of 50 miles per hour; that he decreased his speed, and in an effort to avoid defendant's truck he turned to the left; that defendant's driver did likewise at the same time, and that the cars collided on the south side of the pavement. As a result Mr. Morgan, riding with plaintiff, and Parish, driver of the truck, were killed, and plaintiff was injured as will be hereafter discussed.

Defendant asserted that its truck was at no time on Levis Lane, but that it had progressed easterly along route 67 for miles without turning off the pavement, and that it was on the south or right side of the cement slab; that plaintiff was driving at 50 or 60 miles an hour down the middle of the pavement and over the black line; that Parish slowed down and sounded his horn, and that plaintiff's car, without diminishing its speed, struck the truck on the south side of the highway.

The pavement at the time was unobstructed, visibility was good, and there was nothing to impede the view of the driver of either car at the time of and just before the accident, which occurred at about four o'clock on the afternoon of May 6, 1936.

There is evidence tending to sustain, as well as to contradict, both contentions; the proof upon the essential questions being in conflict.

Defendant at the close of plaintiff's case, and again at the conclusion of all the evidence, moved for a directed verdict. These motions the court denied and the rulings are assigned as error.

In order to warrant a trial court in directing a verdict for defendant, it must appear that there is no evidence fairly tending to prove the plaintiff's case. The

court, in considering the motion, is strictly limited to determining this fact, and this alone. He may not weigh the evidence, as to do so would trench upon the province of the jury who are judges of the facts; *Kinsey v. Zimmerman,* 329 Ill. 75; *Streeter v. Humrichouse,* 357 Ill. 234.

Whether defendant was guilty of negligence, and plaintiff omitted to use due care for his own safety and thereby contributed proximately to the injury, were questions of fact, and could only become matters of law when it could be said that all reasonable minds would concur that there was no want of due care on the part of defendant, or that plaintiff had failed to use the care or caution for his own safety which a reasonably prudent person, under the same or similar circumstances, would have exercised; *Thomas v. Buchanan,* 357 Ill. 270.

We think the facts and circumstances, as disclosed by the evidence, raised a fair question of whether defendant was negligent, and also whether plaintiff was guilty of contributory neglect, and that as to such matters the motions were properly overruled.

Defendant earnestly asserts that there was no proof of wilful or wanton misconduct on its part, and that as to such part of the charge the motion should have been sustained.

There was testimony on behalf of plaintiff that defendant's truck came out of Levis Lane onto the highway, disregarding the stop sign; that its driver had a clear view both east and west; that without stopping it ran to the north side of the pavement and off onto the shoulder, and then turned east on the left or wrong side of the road; that it gave no warning and veered over the entire surface of the pavement.

Where a person by his conduct is guilty of such absence of care as exhibits indifference to the consequences of his acts, a case of legal wilfulness and wan-

ton misconduct is made out; *Heidenreich v. Bremner,* 260 Ill. 439; *Wabash R. Co. v. Jones,* 163 Ill. 167.

In *Mantonya v. Wilbur Lumber Co.,* 251 Ill. App. 364, the facts were quite similar to those of the instant case, and the court, upon page 369, stated: "It is a matter of common knowledge that paved State routes are heavily traveled. The general use by the public of a highway, so as to create a probability of the presence of people, requires the exercise of a higher degree of care in approaching such places than is required at places less frequently traveled, and might make an act, which would otherwise be merely negligent, so reckless as to indicate a disregard for life or a general disposition to do injury. Under the evidence in this case it was a question for the jury to say whether or not the truck driver was guilty of wilful and wanton misconduct in driving onto the slab directly in the path of a rapidly approaching car which by statute had the right of way"; and held that the court should have submitted to the jury the question of whether or not the collision was the result of wilful and wanton misconduct.

We feel that the reasoning set forth in the Mantonya case applies to the matter in issue, and upon its authority we are constrained to hold that the trial court properly submitted the question of wilful and wanton misconduct to the jury.

Defendant further urges that there was no evidence that its driver, in traveling over Levis Lane, was acting within the scope of his authority; that plaintiff, having averred such fact, was bound to make proof of same, and that the record is barren of any testimony to sustain the allegation.

The record discloses that it was stipulated therein, among other things: "That the truck which had the collision with Everett McCarty's car was the truck of the O. H. Yates & Co."

Defendant's contention appears to be answered by the case of *Howard v. Amerson*, 236 Ill. App. 587, wherein it was decided that in such situation as the one under consideration, an admission by the defendant that he is the owner of the automobile which collides with that of plaintiff, while operated by another, makes, prima facie, a case that the driver is defendant's servant, acting within the scope of his employment, and casts upon defendant the obligation of proving the contrary. Here the stipulation made prima facie proof of agency, and there being no testimony to the contrary, was sufficient evidence of the fact.

A further ground for reversal is stated to be that the court should have submitted to the jury separate forms of verdicts for findings upon the several charges of general negligence and wilful and wanton misconduct, and that a general verdict thereon cannot stand.

The complaint consisted of a single count in which both charges were made. It is insisted that general negligence, and wanton misconduct, are the antithesis of each other; that they are diverse causes of action in nature and legal consequences, and proceed from different principles.

Paragraph 2 of section 68 of the Civil Practice Act [Ill. Rev. Stat. 1937, ch. 110, § 192; Jones Ill. Stats. Ann. 104.068] provides: "Whenever there are several counts in a complaint based on different demands, the court shall, on the demand of either party, direct the jury to find a separate verdict upon each. But if, in any case, there are several counts, and an entire verdict is rendered thereon, the same shall not be set aside or reversed on the ground of any defective count, if one or more of the counts be sufficient to sustain the verdict." Both charges were made in a single count. It was not attacked by defendant for duplicity, and now must be regarded as sufficient, par. 3, sec. 42, Civil

Practice Act [Ill. Rev. Stat. 1937, ch. 110, § 166; Jones Ill. Stats. Ann. 104.042].

In our opinion it is the better practice in such cases that there be a compliance with said paragraph 2 of section 68, as it makes for certainty and tends to prevent confusion. However, we do not think any obligation rests upon the court, in the first instance, to make such submission of different forms of verdict, but that it is incumbent upon a litigant, who desires that same be done, to demand of the court such a direction, and failing to do so such party thereby waives his right, upon appeal, to object to such omission.

It is also urged that the verdict is contrary to the weight of the evidence. We do not agree. It is our opinion that the proof as submitted, being in conflict, raised a fair question for the jury to determine which witnesses were believable and to determine the issues in accord with such belief. Where this is true the jury's finding will only be disturbed when manifestly against the weight of the evidence; *Donelson v. East St. Louis & S. Ry. Co.*, 235 Ill. 625. Such is not true in the case before us.

Complaint is also made of the refusal of three of defendant's instructions.

Instruction number 1, which informed the jury that they were judges of the facts, the credibility of the witnesses and the weight to be given their testimony, among other things also told them therein: ''And you are further instructed that if you believe that any witness has knowingly sworn falsely to any fact, or facts, material to the issues in this case, then you are at liberty to reject all of the testimony of such witness, or you may believe any portion of such testimony of such witness as you believe to be true.''

It will be observed that after first telling the jury that they may reject the entire testimony of a witness

if they believe he has knowingly falsified to any material fact, it confers upon them the right to believe such parts of his testimony as they believe true. It is worded in the disjunctive, using the conjunction "or." It is undoubtedly the law that the jury should accept and consider any portion of a witness's testimony they believe to be true, but this instruction makes it optional whether they will or will not do so. It should have told them to regard such part as they believe. The instruction we think was misleading and rightly refused.

Instructions nos. 2 and 3 both stated that before plaintiff was entitled to recover he must prove that he was in the exercise of due care for his own safety. No. 2 directed a verdict, and no. 3 was also, in its nature, peremptory.

The issue of defendant's wilful and wanton conduct was one of the vital questions in the case. Against this charge, lack of due care by the plaintiff was no defense; *Walldren Express & Van Co. v. King,* 291 Ill. 472; both instructions ignored such issue. The court did not err in their refusal.

Lastly, it is asserted that the amount of the verdict is excessive. As a result of the collision plaintiff received a marked scar four or five inches in length upon his forehead; a puncture wound below the knee; a severance of the internal saphenous nerve, and has an area of anesthesia about three inches in diameter below his knee in which he has no feeling. The medical testimony was to the effect that it is doubtful whether such conditions will ever improve; furthermore, that he had dizzy spells, headaches and stomach sickness for about nine months after the injury was received; also that he had a wound upon his chin several inches in diameter, which had left a scar, and suffered an oblique fracture of the arm, in which he has about 7/8ths apposition. He lost several months salary of $50 per week; his automobile damage amounted to

$419.12; in addition he wore a cast over his entire body for a period of several months, with its consequent pain and discomfort.

Upon such showing we do not think the judgment of $7,500 is excessive in the light of holdings in similar cases; *Union Bridge Co. v. Teehan,* 190 Ill. 374; *Wheeler v. Chicago & W. I. R. Co.,* 182 Ill. App. 194; *West Chicago St. R. Co. v. Vale,* 117 Ill. App. 155.

We see no sufficient reason for disturbing the judgment, and it will be affirmed.

*Judgment affirmed.*