Margaret Gardner and Frank Gardner (Margaret Gardner, Appellee), v. Hazel Kelly, Appellant.

Gen. No. 9,578.

Opinion filed December 19, 1940.  Rehearing denied February 4 and February 6, 1941.

Warner & Warner, of Dixon, for appellant; H. C. Warner, of counsel.

Gerald Jones and Dixon, Devine, Bracken & Dixon. of Dixon, for appellee; Robert L. Bracken, of counsel.

Mr. Justice Huffman delivered the opinion of the court.

This was an action by appellee to recover damages for personal injuries sustained while riding as a guest in the automobile of appellant, at a time when the same was being operated by appellant. The count of the complaint wherein appellee's husband sought damages, was dismissed at the instance of the plaintiffs below.

Trial resulted in verdict for appellee in the sum of $10,000, and it is from a judgment on this verdict that appellant brings this appeal.

On November 9, 1938, appellant accompanied by four other ladies, drove from their home at Dixon, Illinois, to the city of Rockport, Illinois, where they spent the day visiting a friend. At about five that afternoon they started to return home to Dixon, traveling a State highway. While on the road home and at a place along the highway where the pavement was constructed upon an embankment about six feet high, appellee and the two ladies riding in the back seat with her, stated that they heard a funny noise. Shortly thereafter, the car swerved, left the road, and rolled down the embankment. Appellee sustained a fractured spine, which has terminated in most unfortunate results. She has suffered a paralysis of the lower extremities and a loss of control of the normal bodily functions. The accident happened at about dusk, and in the open country. The lights of appellant's car were then on.

The evidence on behalf of appellee discloses that the car was being driven at about the speed of 35 miles per hour. Two of appellee's witnesses, Mr. Lutin and Mr. Lye were riding in a car about 150 feet back of appellant's car. They had been in this position for about a mile, when they noticed appellant's car swerve across the road and turn over the embankment. They were the first to reach the car and to assist the occupants. They state that the car had been traveling about 30 or 35 miles per hour. The evidence of the mechanic who brought the car in from the scene of the accident, is to the effect that it was a sedan, that one of the rear tires "was flat," that he took off that wheel and placed it in the back of the car, put on the extra wheel and tire, and took the car to Aurora. The evidence of appellee's witness Lee, a service station man, is to the effect that the tire had received a puncture by

a nail, which caused it to become deflated. He further states that he had put a new fuel pump on the car shortly before the accident and had tested the car on the road and found it to be in good condition; and that the tires appeared to have been driven about 2,000 miles.

Two witnesses testified on behalf of appellant, her husband and herself. Mr. Kelly stated that he went to the scene of the accident as soon as he heard about it; that he examined the tire on the rear wheel and found that it was punctured by a nail; that it was a Goodyear tire and had been driven about 4,500 miles. Appellant testifies that the trip was arranged the day previous; that she was driving upon the pavement when the accident occurred; that she had driven automobiles about 15 or 16 years; that in her opinion she was going about 35 miles per hour; that immediately before the accident, she heard a thumping noise, which appellee and the other ladies called her attention to just before the car swerved. She states that no one asked her to stop the car, but when she heard the thumping noise, she put her foot on the brake, and before she could stop the car, it swerved.

Appellee and the two ladies riding in the back seat with her, first noticed the thumping noise and called appellant's attention to it. There is no evidence on the part of any of the witnesses that appellant was requested to stop the car. When appellant was first advised by the occupants of the rear seat that they heard a peculiar noise, she responded that the car seemed to be running all right. It was but a moment or two until the tire became low enough in air pressure so that the thumping noise was audible to appellant, when she undertook to stop.

Appellee's right to recovery in this case is governed by the guest statute of this State (ch. 95½, sec. 58a). It is urged by appellant that there is no evidence tending to prove wilful and wanton misconduct on her part

with respect to the operation of the automobile, so as to give rise to liability under the above section. The question of wilful and wanton misconduct in cases such as this, has been so frequently before the courts and so fully discussed, that we do not deem it necessary to review the same here. Although the question whether an act constitutes wilful and wanton misconduct depends upon the circumstances of each case, yet the party so acting or failing to act, must be conscious of his conduct and must be conscious from his knowledge of the surrounding circumstances and conditions, that such conduct will probably result in injury. As stated in the case of *Schoenbacher v. Kadetsky*, 290 Ill. App. 28, p. 34, "the term willful as used in such cases implies intent or purpose, while the term wanton expresses a reckless disregard of consequences." Again in the case of *Farley v. Mitchell*, 282 Ill. App. 555, at p. 558, it is said that wilful and wanton misconduct is, "such absence of care for the person of another as exhibits a conscious indifference to consequences." We do not consider that a mere error of judgment, having no evil intent or purpose, nor any consciousness of probable injury, will give rise to the degree of a wilful or wanton wrong or injury.

There is nothing in this record to indicate that appellant knew there was a nail in the rear tire, until it became sufficiently deflated to make itself manifest. Her evidence is that she endeavored to stop the car upon hearing the noise. The evidence fails to indicate that she was driving in a reckless manner or at a high rate of speed. Quite to the contrary, it appears that she was driving at a very moderate rate of speed, and upon becoming aware of the fact that something was wrong, endeavored to bring the car to a stop. In attempting this, it swerved off the pavement and rolled down the embankment.

Appellee's injuries are most regrettable. However, the court is confronted with the necessity made

by the statute, that is, that there must be sufficient evidence tending to prove the charge of wilful and wanton misconduct on the part of appellant, before appellee can have recovery. Here we do not find any evidence tending to prove such conduct.

The judgment is reversed as being against the manifest weight of the evidence.

*Reversed.*