**Harry Bricker, Appellee, v. Frank Dahmus, Appellant.**

1. AUTOMOBILES AND GARAGES, § 3*—*what evidence is inadmissible to show special agency in testing car at time of injury to third person.* In an action to recover for personal injuries, sustained as the result of being struck by defendant's automobile while it was being operated by a third person who had repaired the brakes, evidence that such third person on various occasions, ranging from one to two years prior to the injury, had been seen in company with defendant driving the latter's car is not admissible to show a special agency for driving the car for the purpose of testing the brakes at the particular occasion of the injury.

2. AUTOMOBILES AND GARAGES, § 3*—*when special agency in testing car after making repairs not shown.* Evidence *held* insufficient to establish a special agency of one engaged to repair brake bands on

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

defendant's automobile, which injured plaintiff, to test out the car at the time of the injury and after the brakes had been repaired by him, or to show that such person was in defendant's employ at the time of the accident.

Appeal from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the October term, 1917. Reversed and remanded. Opinion filed April 5, 1918.

KEEFE, HADLEY & BAXTER, for appellant; E. L. MAHER, of counsel.

HAROLD J. BANDY, for appellee; J. M. BANDY, of counsel.

MR. JUSTICE McBRIDE delivered the opinion of the court.

The appellee recovered a judgment against appellant for $600, which it is sought by this appeal to reverse.

It appears from the record in this case that on the 25th day of September, 1914, appellant's automobile was being driven by one William Hommert, Jr., upon the streets of Granite City, and while the appellee was crossing the street the automobile in question struck him and injured him.

The declaration filed consisted of four counts, charging that the said Hommert, Jr., negligently and recklessly operated the automobile and without warning, and that it was operated at a high rate of speed, in excess of 20 miles per hour, and without giving any warning of its approach. To this declaration the defendant filed the plea of general issue, and also a special plea denying that William Hommert, Jr., was the agent of appellant as alleged in said declaration.

The principal contest in this case arises upon the plea denying the agency of Hommert. The only proper evidence contained in this record tending to establish agency, as we view it, is the admission testified to by appellee that appellant made to him upon

the night of the injury and while he was lying in his bed and suffering from the injuries received. Appellee claims that upon that night, at about half-past 9 o'clock, the appellant visited him and in the conversation appellant asked him how he felt and appellee replied, " 'I guess it is about all off with me.' 'Well,' he said, 'The brakes on that car wasn't working' and 'I gave Mr. Hommert—I had Mr. Hommert to fix the brakes and take the car out and give it a thorough test.' " It is not sought or claimed by appellee that Hommert was in the general employ of the appellant or that he was in any manner a general agent, but his claim is that upon this particular occasion he had him to fix the brake bands upon his automobile and to give them a test, which, if it established anything, tends to prove that Hommert was the special agent of the appellant at the time of the driving of the automobile in question. There was evidence offered which tended to prove the negligence of Hommert in the operation of the automobile and the appellant did not seek in any manner to contradict this testimony. The case was tried, upon the part of appellant, upon the theory that Hommert was not his agent and operating the car under his direction or by his consent at the time of the injury.

During the progress of the trial the court permitted appellee to prove by Harry Champion that about six months or one year previous to this he at one time saw Hommert driving appellant's car with appellant and his family in the car; and by William Lyle that some time within a year last past Hommert drove the car into his shop for oil and that the appellant was in company with him; and by L. C. Kaltenberg that some time previous to September 25th he saw Hommert driving the car in company with appellant, to all of which questions and answers the appellant objected. The objection was overruled and the witnesses permitted to state that on these different occasions, rang-

ing from one month to two years prior to the injury, they had seen Hommert in company with appellant driving the car of appellant.

It was not sought by the appellee to prove that Hommert was the general agent of appellant but only that he was the special agent and authorized by appellant to drive this car for the purpose of testing the brakes upon this particular occasion, and we are unable to see how the fact that he may have driven the car in company with appellant a few times long prior to this occasion would tend to establish the special agency contended for; even if Hommert had been employed by appellant, either especially or in a general way long prior to this when it was not claimed that he was working for him in a regular manner at this time, that such employment would not have any tendency to show whether or not he at this time employed him to repair the brake bands and test them out. We think the court erred in admitting this testimony. Counsel for appellee say that granting the testimony was improper, the amount of the verdict was so small that it did not prejudice the jury or in any manner harm the defendant. We do not think the admissibility of this testimony would have so much bearing upon the question of the amount of damages as it would upon the liability for any damages.

It further appears from this testimony that the appellant denied that he made the statement to appellee that was claimed to have been made; denies that he made any statement to him at all about it, and, so far as this record discloses, these men are of equal credibility and the burden was upon the appellee to prove that Hommert was the agent of appellant at this time. The evidence further shows that appellant secured the services of Hommert to fix the brake bands upon his machine and that after they were fixed that Hommert came up to appellant's store and after reporting that they were in good condition appellant told Hom-

mert to put the machine in his shed, a few feet away and located upon the lot where appellant was transacting business. It further appears from the testimony of Charles Doyle, who was present at the time and heard appellant tell Hommert to drive the car back into his shed near by. Hommert himself testifies that appellant did not tell him to test out the machine after the fixing of the brake bands, and further says it could not have been tested out by driving the machine; and further says that appellant told him after it was repaired to put it in his shed but Hommert instead of putting the machine in his shed, as he was directed by appellant to do, took a friend in the car with him and went driving around the city and it was while he was driving around the city that he injured the appellee. It further appears from the testimony of Hommert that the appellant had no knowledge or notice of any kind of Hommert driving the car around the city in the manner he did. It appears to us that the appellee not only failed to prove the agency by a preponderance of the evidence, as the law requires, but that appellant by a great preponderance of the evidence proved that Hommert was not at the time acting as the agent or in any way employed or under the direction of the appellant.

Objections are also made to some of the instructions given by appellee, but they are of that character that can be easily corrected upon another trial, as appellee concedes that they are not strictly accurate but contends the error was not of a character to cause a reversal.

We are of the opinion that the verdict of the jury and judgment in this case are manifestly against the weight of the evidence, and that the jury may have been prejudiced by the admissibility of the testimony above criticized.

The judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*