## Catherine Howard, Administratrix of the Estate of Samuel F. Howard, Deceased, Appellant, v. George C. Amerson, Appellee.

### Gen. No. 29,235.

1. MASTER AND SERVANT—*burden of proving liability of automobile owner for torts of driver.* In an action against the owner of an automobile for the death of a person struck by it when it was being operated by another, a special plea denying that the driver was the servant or agent of defendant or that, at the time and place in question, such driver was engaged in defendant's business placed the burden of proving those facts upon plaintiff in accordance with the allegations of her declaration.

2. MASTER AND SERVANT—*when owner of automobile has burden of disproving liability for torts of driver.* An admission by defendant, or proof of that fact by plaintiff, that he is the owner of an automobile which caused the injury sued for while in the hands of another makes a prima facie case that the driver is the servant of defendant and acting within the scope of his employment at the time and places the burden of proving the contrary upon defendant.

Appeal by plaintiff from the Superior Court of Cook county; the Hon. SILAS COOK, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1924. Reversed and remanded. Opinion filed April 29, 1925.

JAMES F. HUTCHISON, for appellant.

BULKLEY, MORE & TALLMADGE, for appellee.

MR. JUSTICE THOMSON delivered the opinion of the court.

The plaintiff administratrix brought an action in trespass on the case, to recover damages occasioned by the death of her husband, which was alleged to have been caused by injuries received when he was struck by an automobile owned by the defendant. At the time of the accident in which the deceased was killed, the automobile was being driven by one Robie.

This action was originally brought against both Robie and Amerson. The plaintiff alleged in her declaration that the automobile in question was, at the time and place in question, in the possession of Amerson and that he was using and operating it through his servant Robie, and that through Robie's negligence the deceased was struck and killed. The case was later dismissed as to Robie, leaving Amerson the sole defendant. Apparently Robie was never served with a summons. The defendant Amerson filed a plea of the general issue and also a special plea denying that the automobile was in his possession or that he was using, managing or operating it, at the time and place in question, as set forth in the plaintiff's declaration; and denying that Robie was his agent or servant.

The plaintiff submitted evidence tending to show that the deceased was struck by a passenger automobile being driven by Robie and that this was due to Robie's careless driving of the car. The evidence showed that the police were called to the scene of the accident and that they took Robie into custody and that Robie drove with the policeman, in the car, to the defendant's home, where the defendant joined them and accompanied Robie and the police officer to the police station. In the course of the evidence, counsel for the defendant expressly admitted that the defendant Amerson was the owner of the car in question.

At the close of the plaintiff's case, the court, upon motion of the defendant, instructed the jury to find the defendant not guilty, on the ground that the plaintiff had failed to meet the burden of proof which was on her, to show that Robie, who was driving the car at the time of the accident, was a servant or agent of the defendant Amerson, the owner of the car, and that Robie was using it in and about the defendant's business. Judgment in favor of the defendant fol-

lowed, to reverse which the plaintiff has perfected this appeal.

A plea of the general issue by the defendant Amerson would admit ownership of the car and also that Robie, who was driving the car at the time of the accident, was his servant and engaged in his business. *McNulta v. Lockridge,* 137 Ill. 270, and *Chicago Union Traction Co. v. Jerka,* 227 Ill. 95. The defendant, however, by his special plea, put in issue the question of whether Robie was his servant or agent and the question of whether at the time and place in question he was engaged in his business. The burden was upon the plaintiff to prove the affirmative of those two questions of fact, in conformity with the allegations she had made in her declaration. It is her contention that the express admission of ownership of the automobile, made by the defendant in the course of the trial, furnished prima facie proof of agency and control, and that thereupon the burden of proceeding with the evidence in the negative on those questions shifted to the defendant.

In urging the contrary, counsel for the defendant cites *Arkin v. Page,* 287 Ill. 420; *Bricker v. Dahmus,* 211 Ill. App. 102, and *Orr v. Thompson Coal Co.,* 219 Ill. App. 116. The only one of these cases which involved the question presented by the case at bar was the Bricker case, and in that case the question was not decided, but the decision of the court was based upon an examination of the evidence. The court stated in the course of the opinion, the pleadings being similar to those presented in the case at bar, that the burden was upon the plaintiff to prove that the driver of the car was the agent of the defendant at the time of the occurrence there involved.

It may be considered, as counsel for the defendant argues that the burden of proof is upon the plaintiff to show that the driver of the automobile owned by the defendant was his servant and that the auto-

mobile was driven by that servant at the time in question, in the course of the defendant's business, and that that burden of proof rested with the plaintiff throughout the trial. But that does not meet the issue presented here, which is whether an admission of ownership on the part of the defendant would make out a prima facie case on the issues as to agency, and the fact that the alleged agent was acting within the scope of his authority, and thereupon shift the burden of proceeding with the proof on those issues, to the defendant. In the case of *Bosco v. Boston Store,* 195 Ill. App. 133, this court held that where the defendant's pleadings put in issue the fact of ownership and control, a prima facie showing in the affirmative on those questions was made out by proof to the effect that the name of the defendant was painted on the side of the truck. When that case was again in this court, 229 Ill. App. 564, we again had occasion to note that the evidence showed that the name "Boston Store" appeared in large and prominent lettering upon the sides of the truck body, and we then said (page 573): "This would lead to the presumption that the truck was owned, operated and managed by the defendant." The first definition of the word "owner" given by Cyc., in vol. 29, ¶ 1549, is: "One who has dominion of a thing  *  *  * which he has the right to enjoy and to do with it as he pleases." In suits against railroads and street car companies it has uniformly been held that proof of the fact that the engine, motor car or coach causing the injury complained of bore the name of the defendant furnished at least prima facie evidence of the fact that it was not only the property of the defendant, but that those engaged in its operation were the defendant's servants.

The authorities on the question presented by this appeal have been collected by Berry in his work on the Law of Automobiles (4th Ed.) at paragraphs

1172 and 1173, from which it appears that such authorities are not in accord. In paragraph 1172 the author states that: "It has been held that, from proof of the fact of ownership of an automobile, a presumption arises that when the same is operated on the highways, nothing more appearing, it is being used about the owner's affairs," which would, of course, involve the further presumption that it was being used by the defendant's servant. The decisions supporting that proposition are set forth in footnotes and they include cases in California, Iowa, Minnesota, New Jersey, New York, Oregon and Washington. In one of the cases there cited, *McCann v. Davison*, 145 N. Y. App. Div. 522, the court said: "Ownership implies possession and control and proof of ownership of a vehicle or other property makes out a prima facie case against the defendant owner, in an action to recover damages for injuries sustained through the negligent use of the vehicle, as it will be presumed that the owner was, either in person or through his agent, in control of the vehicle at the time of the accident." In *West v. Kern*, 88 Ore. 247, the plaintiff was injured by the negligent operation of an automobile owned by the defendant. Apparently it was a passenger car, as in the case at bar. The court there held that where the plaintiff proves that the vehicle that caused his injury belonged to the defendant, he makes out a prima facie case, since the jury may infer that the driver was the defendant's servant and that the vehicle was being used for the defendant's purposes. In that case there was an admission of ownership, as in the case at bar, but the defendant denied that those who were in the car at the time were his agents or that they had any duties to perform for him in connection with the automobile. The court further held, on petition for rehearing, that on plaintiff's proof of negligence and that the defendant owned the car which collided

with him, the burden of proceeding with the proof shifts to the defendant, as he was best able to show that the car was driven by a stranger, if such was the fact, or on some errand having no connection with the defendant's business. *Houston v. Keats Auto Co.,* 85 Ore. 125; *Knust v. Bullock,* 59 Wash. 141; *Norris v. Kohler,* 41 N. Y. 42; *Edgeworth v. Wood,* 58 N. J. L. 463, and other cases referred to in the note under paragraph 1172 of Berry on Automobiles (4th Ed.) are to the same effect.

Under paragraph 1173 Berry says: "On the other hand it has been expressly held that proof merely that the defendant was the owner of an automobile which injured the plaintiff is not sufficient to establish the relation of master and servant between him and the driver of the automobile, at the time of the accident, much less that such person was acting within the scope of an employment by the owner"; citing cases from Massachusetts, Michigan and Pennsylvania, among others.

Another collection of these cases is to be found in 46 L. R. A. (N. S.) 1091, in a footnote in connection with *White Oak Coal Co. v. Rivoux* [88 Ohio St. 18], and the author of the note there states that although there is conflict upon this question, the better rule seems to be that adopted in the *White Oak Coal Co.* case to the effect that a prima facie case is not made out by showing that the defendant, in an action to recover for an injury, occasioned by an automobile, was the owner of the machine.

This precise question seems never to have been passed upon in this State. In our opinion, the better reasoning supports the proposition that where the defendant puts in issue the question of the operation of the automobile, by his servant and the use of it in connection with his business, although the burden of proof throughout the trial of establishing the affirmative on those matters by a greater weight of

the evidence remains with the plaintiff, a prima facie case is, nevertheless, made out on those questions by either the admission of ownership on the part of the defendant, or proof of such ownership by the plaintiff and, such prima facie case being made out on those questions by the plaintiff, the burden of proceeding with the evidence is shifted to the defendant. If the defendant submits proof tending to show the negative of those questions and the issues thereon are submitted to the jury, the burden of proof being upon the plaintiff, the jury should be instructed to the effect that unless they believe that the affirmative of the questions referred to have been established, by the greater weight or preponderance of the evidence, they must find the defendant not guilty. *Johnson v. Pendergast,* 308 Ill. 255.

Applying these principles to the case at bar, the defendant having put in issue, by a special plea, the question of the agency of Robie and the question of his use of the automobile at the time and place in question, in connection with the defendant's business, the burden of proving the affirmative of those questions, as the plaintiff had alleged them in her declaration, was upon her. But when, in the course of putting in the plaintiff's case, the defendant expressly admitted ownership of the automobile, a prima facie case was made out on those questions on which the plaintiff had the burden of proof. Indeed, we are inclined to the belief that such was the effect of the failure of the defendant to deny ownership, by a special plea, but, however that may be, when the defendant expressly admitted ownership, the plaintiff had made out at least a prima facie case, on the issue of agency and the question of the use of the automobile in the defendant's business. That being the state of the proof at the close of the plaintiff's evidence, it was error for the trial court to instruct the jury to find the issues for the defendant. The defendant

should have been required to proceed with his proof. In our opinion, a very good reason for attaching to proof of ownership on the part of the plaintiff, or an admission to that effect by the defendant, a presumption that the driver of the automobile was the defendant's servant and engaged in his business at the time and place in question, is to be found in the fact, which is pointed out in a number of the decisions, that, if the defendant is in fact the owner of the automobile, it should be an easy matter for him to bring forward evidence showing that the driver was not his servant or that he (the defendant) had no business occasioning such use as the driver was making of the car, at the time and place of the accident, while it would ordinarily be a difficult thing for the plaintiff to establish the contrary.

For the reasons stated the judgment of the superior court is reversed and the cause remanded to that court for a new trial.

*Judgment reversed and cause remanded.*

O'CONNOR, P. J., and TAYLOR, J., concur.