Joseph Parrino and Marjorie I. Parrino, Plaintiffs-Appellees, v. Margaret Landon and Elmer R. Pike, Defendants, Elmer R. Pike, Appellant.

Gen. No. 10,757.

Second District.

July 22, 1955.

Released for publication August 11, 1955.

DOVE, J., dissenting.

Rathje & Woodward, of Wheaton, for appellant; John S. Woodward, of Wheaton, of counsel.

Lloyd C. Moody, of Chicago, for appellees; William C. Wines, of Chicago, of counsel.

MR. JUSTICE EOVALDI delivered the opinion of the court.

This case comes to us on appeal from a default judgment entered by the circuit court of DuPage county which awarded the plaintiff, Joseph Parrino, the sum of $2,000 and the plaintiff, Marjorie Parrino, the sum of $15,000.

Suit in the trial court was filed by said plaintiffs against two defendants, Margaret Landon and Elmer R. Pike, for personal injuries and property damage arising out of an automobile accident. The complaint alleged that on the date of the accident the plaintiff

Joseph Parrino was driving a certain automobile and that the plaintiff Marjorie Parrino was riding as a passenger therein and alleged that each of the plaintiffs were at all times in the exercise of due care and caution for their own safety. The complaint further charged that at the time and place of the accident the defendant Margaret Landon was driving a certain automobile owned by the defendant Pike with the knowledge and consent of Pike. It was charged that Margaret Landon was guilty of certain acts of negligence which caused the collision.

The defendant Margaret Landon was never served with summons and the defendant Pike, although served with summons, did not enter any appearance in the action prior to the designated return date and the complaint was taken as confessed against him. He has appealed from the default judgment on the theory that neither the pleadings nor the proof support the judgment of the trial court.

The evidence at the hearing following the order of default against Pike supported all of the allegations with respect to the circumstances surrounding the accident, and in support of the allegation concerning the ownership of the defendant's car, both Mr. and Mrs. Parrino testified that they had learned from the defendant Landon that the car belonged to Mrs. Landon's brother, the defendant Pike. The defendant Pike contends on this appeal that there were no allegations in the complaint nor any evidence establishing negligence on his part nor was there any basis for imputing the negligence of the defendant Landon, the driver of his car, to him, because of the absence of any allegations in the complaint and the absence of any evidence in the record showing that the defendant Landon was the agent or servant of the defendant Pike at the time of the accident.

■ We believe that the decision of this case is controlled by the opinion of the Supreme Court in Gustaf-

son v. Consumer Sales Agency, Inc., 414 Ill. 235. In that case which was an action for wrongful death, the complaint did not specifically allege the names of decedent's next of kin nor did it allege that they had suffered pecuniary loss. The defendant did not raise any question in the trial court as to the sufficiency of the complaint, but raised it for the first time on appeal and we reversed a judgment for plaintiff on the grounds that the complaint was insufficient to state a cause of action and was insufficient to sustain a verdict. However, the Supreme Court allowed plaintiff's petition for leave to appeal and reversed our judgment. The opinion of the Supreme Court thoroughly canvassed the leading earlier Illinois cases on the question of the sufficiency of complaints to sustain judgments where those pleadings had not been objected to in the trial court and also thoroughly discussed the statutory provisions pertaining thereto, particularly section 42(3) of the Civil Practice Act (Ill. Rev. Stat. 1953, Ch. 110, sec. 166(3) [Jones Ill. Stats. Ann. 104.042, subd. (3)]) and section 6 of the Amendments and Jeofails Act (Ill. Rev. Stat. 1953, Ch. 7, sec. 6 [Jones Ill. Stats. Ann. 107.031]). After a discussion of these cases and statutes, the Supreme Court held that even though the complaint in that case was technically insufficient so that a motion to dismiss in the trial court would have been sustained, the complaint was sufficient to indicate the grounds of liability sought to be imposed upon the defendant. The Supreme Court held that if a complaint indicated a ground of liability or, in other words, contained a defective statement of a good cause of action, objections to the complaint were waived if not made in the trial court. We, therefore, are of the opinion that the complaint and proof in the instant case are sufficient to sustain the judgment if they indicate the ground of liability sought to be imposed upon the defendant Pike.

378

■ The complaint charged, and the evidence tended to prove, that Mrs. Landon was driving Pike's car with his permission. The question is whether this allegation and proof are sufficient to indicate a ground of liability against Pike. We are of the opinion that they are sufficient. In Howard v. Amerson, 236 Ill. App. 587, the complaint alleged that a car owned by Amerson was driven at the time of the accident by one Robie who, it was alleged, was Amerson's agent or servant. Robie was never served with summons and the case was dismissed as to him. The defendant Amerson filed a plea of the general issue and also a special plea denying that Robie was his agent or servant. In the course of the trial, counsel for defendant specifically admitted that Amerson was the owner of the car in question. The trial court directed the jury to find Amerson not guilty on the ground that plaintiff had failed to meet the burden of proof to show that Robie was Amerson's agent or servant. On appeal the Appellate Court reversed the judgment of the trial court and remanded the cause for a new trial. The Appellate Court reviewed many authorities, both from Illinois and from other jurisdictions, on the question of whether proof of ownership was sufficient to establish the fact of agency and said, page 592:

"This precise question seems never to have been passed upon in this State. In our opinion, the better reasoning supports the proposition that where the defendant puts in issue the question of the operation of the automobile, by his servant and the use of it in connection with his business, although the burden of proof throughout the trial of establishing the affirmative on those matters by a greater weight of the evidence remains with the plaintiff, a prima facie case is, nevertheless, made out on those questions by either the admission of ownership on the part of the defendant, or proof of such ownership by the plaintiff and, such prima facie case being made out on those ques-

tions by the plaintiff, the burden of proceeding with the evidence is shifted to the defendant."

In McCarty v. Yates & Co., Inc., 294 Ill. App. 474, the parties had stipulated that the truck which was involved in the collision with plaintiff's car belonged to the defendant company. Defendant had urged that there was no evidence that its driver was acting within the scope of its authority but the Appellate Court held that the case was controlled by Howard v. Amerson and held that the stipulation as to ownership made out a prima facie case of agency.

In the instant case both the allegations and the proof were that the car belonged to Pike and was being driven at the time of the accident by Mrs. Landon with Pike's permission. Under the doctrine of the above cases, this was sufficient to make out a prima facie case that Mrs. Landon was acting, at the time, as Pike's agent or servant. The complaint and the proof were, therefore, sufficient to indicate a ground of liability against Pike and in accordance with the holding of the Supreme Court in the Gustafson case, the complaint and proof were sufficient to sustain the verdict.

The judgment of the trial court, is, therefore, affirmed.

Judgment affirmed.

DOVE, J. In my opinion neither count of the complaint stated a cause of action against appellant and I therefore respectfully dissent.

The only allegations of both counts one and two of this complaint as to defendant, Pike, are that the motor vehicle operated by the plaintiff, Marjorie I. Parrino, came into collision with a vehicle owned by defendant, Elmer R. Pike, which was then and there being driven by Margaret Landon with the consent and knowledge of the defendant, Elmer R. Pike. By

his default, Elmer R. Pike admitted the truth of these allegations.

Upon the oral argument in this court, counsel for appellees stated that under the Common Law Rules of Pleading, as enunciated by Chitty, Stephens, Storey, and other eminent authorities, these allegations are insufficient to support the judgments rendered against appellant, Pike, and in favor of the plaintiffs. Counsel stated that the reason they must be held sufficient are because of the provisions of the ninth sub-paragraph of section 6 of our statute on Amendments and Jeofails (Ill. Rev. Stat. 1953, ch. 7) which provides that no judgment upon verdict shall be reversed, impaired, or in any way affected for want of any allegation or averment on account of which omission a motion raising an objection to such omission in the pleading could have been maintained; and because of the provisions of our present Practice Act which provides that all defects in pleadings, either in form or substance, not objected to in the trial court shall be deemed to be waived (Ill. Rev. Stat. ch. 110, sec. 42(3)); and because of the holdings of our Supreme and Appellate Courts, particularly in the cases of Howard v. Amerson, 236 Ill. App. 587, and Gustafson v. Consumers Sales Agency, Inc., 414 Ill. 235.

The majority opinion accepts this argument and states that the decision in this case is controlled by what is said in Gustafson v. Consumers Sales Agency, Inc., 414 Ill. 235. I do not think so. The allegations of the complaint in the Gustafson case are not analogous to the allegations in the instant complaint. The Gustafson case was an action for wrongful death, and the questions which were raised for the first time on appeal were whether the complaint was sufficient in its allegations as to the names and number of decedent's next of kin and whether they had suffered pecuniary loss. The complaint set forth that the plaintiff was administrator of the estate of decedent; that plain-

tiff's intestate was a child of seven years; that the surname of decedent was the same as that of the plaintiff. These allegations plus the proof offered on the trial were held sufficient to sustain the judgment of the trial court, the Supreme Court stating that the complaint clearly informed the defendant of the nature of the case and the basis on which liability was predicated and, while technically insufficient, had a motion to dismiss been interposed in the trial court, it was sufficient to indicate the grounds of liability sought to be imposed upon the defendant. The Gustafson case did not overrule previous decisions of the supreme court. It simply held that if a complaint contained a defective statement of a good cause of action, objections thereto are waived if not made in the trial court as provided by our present Practice Act. The instant complaint is not a defective statement of a good cause of action but a perfect example of a statement of no cause of action. All this complaint charges was that appellant, Pike, owned the automobile which caused the injury and at the time of the collision it was being driven by Margaret Landon with the consent of Pike, the owner. These were the only allegations admitted by Pike's default. Since the complaint only charged Margaret Landon with negligence, it was incumbent on the pleader, in order to state a cause of action against Pike, to allege a principal-agent or master-servant relationship between the owner and driver and that the servant or agent was acting within the scope of his employment or agency at the time of the occurrence in question. This was not done, nor were any facts alleged indicating the grounds of liability sought to be imposed on the defendant, Pike.

Mosby v. Kimball, 345 Ill. 420, was an action to recover for personal injuries sustained by the plaintiff in a collision between an automobile in which she was riding and a motor truck owned by the defendant. The declaration charged that the defendant operated the

382

truck through his agents and servants. While no question was raised in that case as to the sufficiency of the pleadings, what the court there said as to the liability of a master or principal for the tortious acts of his servant or agent has not been departed from by the Supreme Court. In the course of its opinion, the court said: (p. 427) "The general rule is that a party injured by the negligence of another must seek his remedy against the person who caused the injury, since such person is alone liable. To this general rule the cases of master and servant and principal and agent are exceptions and the negligence of the servant or agent is imputable to the master or principal, but to bring the case within the exception it is necessary to show that the relation of master and servant or principal and agent exists between the person at fault and the one sought to be charged for the result of the wrong, and the relation must exist at the time and in respect to the particular transaction out of which the injury arose (Johanson v. Johnston Printing Co., 263 Ill. 236). An automobile is not so dangerous an agency as to make the owner liable for injuries caused by it to travelers on the highway regardless of the agency of the driver, and the owner of an automobile who permits another to operate it is not liable for the negligence of such other in the operation of the automobile unless the other person is, in operating the automobile, the servant or agent of the owner. Arkin v. Page, 287 Ill. 420; White v. Seitz, 342 Ill. 266; Andersen v. Byrnes, 344 Ill. 240."

In Lasko v. Meier, 394 Ill. at page 71, it is said: "All intendments are in favor of the sufficiency of a complaint which is not questioned until after verdict. (Connett v. Winget, 374 Ill. 531.) A verdict will cure not only all formal and purely technical defects and clerical errors in a complaint, but will also cure any defect in failing to allege or in alleging defectively or imperfectly any substantial facts which are essential

383

to a right of action, if the issue joined is such as necessarily required, on the trial, proof of the facts so omitted or imperfectly stated and if such facts can be implied from the allegations of the complaint by fair and reasonable intendment. *If the declaration or complaint omits to allege any substantial fact which is essential to a right of action and which is not implied in or inferable* from the facts alleged on which issue is joined, a verdict for the plaintiff will not cure the omission. Where the declaration or complaint and the issue joined upon it do not fairly impose the duty on the plaintiff to prove the omitted fact, the omission will not be cured by verdict. This court, in the case of Bowman v. People, 114 Ill. 474, which was an action at law, quoted from Chitty, in his work on Pleading, as follows: 'The expression, cured by verdict, signifies that the court will, after a verdict, presume or intend that the particular thing which appears to be defectively or imperfectly stated or omitted in the pleadings, was duly proved at the trial. And such intendment must arise, not merely from the verdict, but from the united effect of the verdict, and the issue upon which such verdict was given. On the one hand, the particular thing which is presumed to have been proved must always be such as can be implied from the allegations in the record, by fair and reasonable intendment; and on the other hand, a verdict for the party in whose favor such intendment is made is indispensably necessary.' The rule is, as stated in the last cited case, that if the declaration omits to allege any substantial fact which is essential to a right of action, and which is not implied in or inferable from the finding of those which are alleged, a verdict for the plaintiff does not cure the defect. The question whether a complaint discloses a cause of action is always open to consideration in a court of review."

In White v. Seitz, 342 Ill. 266, the court, after considering its previous decisions in Arkin v. Page, 287

384

Ill. 420, Graham v. Page, 300 Ill. 40, and Gates v. Mader, 316 Ill. 313, stated that the "family purpose" doctrine was not the law in Illinois and then went on to say (p. 271): "These three are the cases which announce the law in this State, and they establish these propositions: That a parent is not liable for the tort of his minor child merely from the relation; that the owner of an automobile who merely permits another to use it for his own purposes is not liable for the negligence of the person so using it; that the owner of an automobile is not liable for an injury occasioned by the negligent use of the machine by his servant if the servant was at the time at liberty from the service of his master and not engaged in doing his master's business but was pursuing his own interests exclusively; and that the relation of master and servant is not established between the owner of an automobile and his minor son by the mere fact that the father purchased the machine for the pleasure of the family and that he permitted his son to use it for his own pleasure."

In Shein v. John R. Thompson Company, 225 Ill. App. 490, the court quoted from Encyc. Pl. and Pr., Vol. 13, p. 922, as follows: "In an action against a master to recover for injuries caused by a servant, the complaint must show that the relationship of master and servant existed at the time of the injury. . . . It must also be shown that the servant was acting within the scope of his employment at the time of the injury; but a direct averment to this effect is unnecessary if the necessary implication from the facts stated is that the servant committed the act complained of while acting within the scope of his duties." In the instant complaint there are no facts alleged from which any inference could be drawn that Margaret Landon was an agent, employee, or servant of Pike or was acting within the scope of any such agency, em-

ployment or service at the time of the alleged tortious act.

In Foster v. Oberreich, 230 Ill. 525, it is stated: "The judgment was by default. 'A default admits only what is averred in the declaration, and if the facts alleged do not give a right of recovery, final judgment should not be entered against the defendant.' The defects of the declaration being matters of substance, were not cured by the Statute of Amendments and Jeofails. Nor were they cured by the verdict of the jury assessing damages."

In Blashfield's Cyclopedia of Automobile Law and Practice (Per. Ed.), Vol. 9B, sec. 5931 (p. 3), the author states that in perhaps no class of cases are the rules of pleading so little observed as in those arising out of automobile accidents, due in part to the modern tendency to get away from strictness in pleading. The author then states that the functions of pleading should be to elevate the practice and not to sink it to a lower level and quotes from Chitty: "the manifest object of all pleading is that the parties litigant may be informed of the matters in controversy between them, so that they may be understood by the party who is to answer them, by the jury who are to ascertain the truth of the allegations and by the court who is to give judgment." Under the heading "Status of · Driver: Agency or other Relationship," the same author says (sec. 5957, p. 140): "Where the liability of the owner of an automobile for its negligent operation is asserted on the ground of the agency of the driver, the petition must allege that the driver was defendant's agent, and was acting within the scope of his employment." (Citing cases from Connecticut, Indiana, Kentucky, Louisiana, and Texas.) Again in section 5982, under the heading "Master-Servant Relationship, and Rule of Respondeat Superior," the author says (p. 282): "It is not necessary to allege directly that the person operating the motor vehicle

386

was acting within the scope of his employment at the time of the alleged acts of negligence. It is preferable, however, to do so. A showing to this effect is an essential part of the cause of action and in the absence of such a showing, the complaint is defective."

The allegations in the instant complaint are only that Elmer R. Pike owned the automobile involved in the collision in question and that Margaret Landon was driving it upon this occasion with his consent and knowledge. There is no charge of negligence on his part, and no reference is made to any relationship which he sustained to the driver of his automobile. Counsel's argument is that from the allegations of ownership and consent, an assumption or inference arises that Margaret Landon was the agent, servant, or employee of Elmer R. Pike and, from the inference that Margaret Landon was the agent, servant, or employee of Elmer R. Pike, a further inference or presumption arises that Margaret Landon, upon the occasion in question, was acting within the scope of her agency or employment. This is a perfect illustration of requiring the court to base one presumption or inference upon another presumption or inference. If the sensible, time-tested, common-law rules of pleading have degenerated to the extent that a court will supply allegations which all of the authorities hold are necessary and essential in order to charge a nonpresent owner of an automobile involved in an accident with liability, then the rule that plaintiff's complaint should be a plain and concise statement of the ultimate facts constituting his cause of action no longer obtains.

In Basile v. Zeid, 345 Ill. App. 606, the opinion states that in negligence cases there is no presumption that either party was or was not negligent and neither the court nor the jury has a right to presume any fact which they are called upon to determine. In Lohr v. Barkmann Cartage Co., 335 Ill. 335, 340, it is said that presumptions are never indulged in where established

facts exist, and in Rzeszewski v. Barth, 324 Ill. App. 345, 355, it is said that where there is evidence of what actually happened, there is no room for presumptions.

There are, as pointed out in the majority opinion, certain presumptions and inferences which the courts recognize which arise when certain proof is made in connection with the ownership of an automobile, but these presumptions and inferences are evidentiary in character and are not canons of pleading and have never been held to make a palpably defective complaint sufficient to sustain a judgment not supported by or in conformity with the pleadings.

The authorities are to the effect that the plaintiff in his complaint must set forth a complete cause of action and that he should allege with sufficient clarity and definiteness the existence of a duty upon the part of the defendant toward the plaintiff, or facts from which the law will imply such duty, its breach, and the proximate relationship between such breach and the injuries alleged to have been sustained. (5 Am. Jur., sec. 597, pp. 833, 834.) In my opinion, the allegations of the complaint are insufficient to sustain the judgment appealed from, and that judgment should be reversed.