(No. 33803.—

JOSEPH PARRINO *et al.,* Appellees, *vs.* MARGARET LANDON *et al.*—(ELMER R. PIKE, Appellant.)

*Opinion filed March 22, 1956—Rehearing denied May 22, 1956.*

BRISTOW, J., dissenting.

RATHJE & WOODWARD, of Wheaton, (JOHN S. WOODWARD, of counsel,) for appellant.

LLOYD C. MOODY, of Chicago, (WILLIAM C. WINES, of counsel,) for appellees.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

Leave to appeal has been granted for the purpose of reviewing a default judgment for substantial sums for

plaintiffs, Joseph and Marjorie Parrino, rendered in the circuit court of Du Page County and affirmed in the Second District Appellate Court. Suit was originally brought against the appellant, Elmer R. Pike, and Margaret Landon for injuries and damages suffered in an automobile collision. Plaintiffs alleged, *inter alia,* that defendant Landon drove the automobile of defendant Pike with the latter's knowledge and consent and that Landon was negligent in various respects.

Landon was never served with process but Pike was served. Pike did not enter his appearance and a default judgment was entered against him. After the court heard the evidence as to the occurrence, the nature and extent of the injuries and damages of plaintiffs, Pike's ownership of the automobile and his knowledge and permission relative to his sister, Landon, driving the car immediately prior to the collision in question, the damages were assessed. Although a second count based on alleged wilful and wanton misconduct was included, neither the Appellate Court nor this court regard reference to it as of importance in the decision of this case. The complaint joined the owner and the permissive user of the automobile, alleged misconduct of only the driver, contained no express allegation of a principal-and-agent or master-and-servant relationship, averred knowledge and permission on the part of Pike and prayed for damages against both Pike and Landon. The specific point for decision presented is whether such allegations of a complaint will sustain a default judgment against the defendant Pike.

Grounds for reversal of the judgment are reassertions of the substance of the dissenting opinion below. Contrariwise, plaintiffs restate the pronouncements of the majority opinion. (See 6 Ill. App.2d 375.) In final analysis there appears to be a basic agreement in both opinions as to the fundamental rules of law which are applicable to the problem. As is often the case, there exists a sharp

difference as to the application and interpretation in a specific situation. After a thorough examination of the cited and other authorities on the question we feel it is not an over-simplification of the problem to state at the outset that had the author of the complaint (in referring to defendant Landon) inserted the words "as the authorized agent and servant of the defendant Pike," there could have been no objection on the part of Pike. (And presumably Pike then would have appeared by motion or otherwise for his defense on the merits in respect to the question of his liability.) The issue then is—is the omission of such words fatal to the complaint so that it cannot support the default judgment?

It is unquestioned that, as a matter of evidence, mere proof of one defendant's ownership of an automobile driven by another defendant is *prima facie* proof of agency, which if not rebutted will support a judgment for plaintiff, insofar as the proposition of agency is concerned. (*Howard* v. *Amerson*, 236 Ill. App. 587.) It is urged by defendant, however, that this rule of evidence based upon a presumption cannot be projected into the field of pleading. The prime purpose of pleading must never be hidden in a morass of technicalities. Pleading must inform and notify both adversary and court of the charges and defenses of the pleader. The desire to avoid extremes does not give license to mislead. Courts must look to substance and apply basic rules of other fields of the law when deemed necessary. If the law in one breath can say that all persons are presumed to know the law it cannot refuse to recognize that a mere proof of ownership of an automobile can result in judgment when the principles of the law of agency apply. This consequence results in a liability and judgment—a matter of substance and no mere idle theory. On the other hand, it is equally well established that the family-purpose doctrine is not the law in this State. *White* v. *Seitz*, 342 Ill. 266.

Section 33 (Ill. Rev. Stat. 1953, chap. 110, par. 157,)

of our Civil Practice Act, in force during these proceedings, provided that all pleadings shall contain a plain and concise statement of the pleader's cause of action, counterclaim, defense or reply. Section 42 (Ill. Rev. Stat. 1953, chap. 110, par. 166,) of the same act provides in substance that the court may order a fuller or more particular statement if any pleading is insufficient in substance or form and may order new pleadings if those filed do not sufficiently define the issues; that no pleading shall be deemed bad in substance which shall reasonably inform the opposite party of the nature of the claim or defense which he is called upon to meet; and that all pleading defects, in form or substance, not objected to in the trial court shall be deemed to be waived. Section 6 of the Amendments and Jeofails Act (Ill. Rev. Stat. 1953, chap. 7, par. 6) in substance provides, as pertains to the present problem, that judgment shall not be arrested or stayed after verdict, nor shall any judgment upon verdict or finding by the court, or upon confession *nil dicit* (or *non sum informatus*) or upon any writ of inquiry of damages be reversed, impaired, or in any way affected, by reason of any of the following imperfections, omissions, defects, matters or things in the process, pleadings, proceedings or records, namely: for the want of any allegation or averment on account of which omission a motion raising an objection to such omission in the pleading could have been maintained.

There are numerous foreign and Illinois cases which have dealt with the problem of whether certain complaints have stated a good cause of action defectively or stated no cause of action at all. A careful analysis of a great many of these cases gives rise to a serious doubt as to the proper basis for decision and one becomes somewhat confused by conflicts that appear irreconcilable. A black or white label can be applied either way. The path of proper direction for future travelers along this course is rendered no less hazardous by compounding the confusion by a

mere choice of labels. The consequence of such condition is a greater liberality in legislation governing procedure and practice in both Federal and State courts. The delays and injustices which occurred in the common law were recognized and remedies appropriately fashioned. The law has always favored prompt and fair hearings of issues on their merits and whenever possible has placed practice and procedure in its proper place of secondary importance— as the means employed to accomplish the ends of justice. The law in its wisdom, in order to prevent abuses and unjust surprise, afforded to litigants rights of pretrial discovery, the right to obtain particularization by motion or demand in order to become apprised of anything concerning which there may exist honest doubt.

What can a defendant, such as Pike here, reasonably conclude from the type of information contained in the filed complaint? As to the proposition of his ownership of the automobile and the question of his knowledge and her permission to use his automobile prior to the collision, it must be conceded that such matters were particularly within his own knowledge. The complaint notified him that the plaintiffs alleged they were injured and damaged by his automobile negligently driven by his sister; that she did so with his consent and knowledge and that each of the plaintiffs sought money damages both from him and his sister. A layman without benefit of legal counsel would ordinarily believe that there was a liability on his part if one existed as to his sister. In the hands of an attorney such a complaint could conceivably be subject to question. If the law, however, places the burden of knowledge of the law upon laymen that burden must be at least equally borne by attorneys. The law of agency, family-purpose doctrine, negligence and pleading are presumptively within the province of their knowledge. Diligence has always been a requirement of the courts. The means of informing

court and plaintiff that a defendant urges he has been improperly joined in an action or that no liability has been asserted against him is very simple. It is the duty of both party and counsel to inform the court of such a condition at the earliest possible moment. When a party has been sued without any proper cause or reasonable basis the law provides for him certain remedies which need not here be discussed.

Our decisions in *Wagner* v. *Kepler*, 411 Ill. 368, and *Gustafson* v. *Consumers Sales Agency, Inc.* 414 Ill. 235, although containing factual differences, reflect the recent trend of all courts to make form inferior to substance. We believe both justice and reason command the conclusion that such pleading as gives enough information to indicate a ground for liability is sufficient to support a judgment. Even under common-law rules, because of many injustices that would result by reason of technicalities which arose, the doctrine of aider by verdict was employed by the courts. In *Pennsylvania Co.* v. *Ellett*, 132 Ill. 654, at 662, this court declared, quoting Tidd's Practice: "At common law, when anything is omitted in the declaration, though it may be matter of substance, if it be such that, without proving it at the trial, the plaintiff could not have had verdict, and there be a verdict for plaintiff, such omission shall not arrest the judgment." For examples of cases upholding judgments after verdict where a substantial allegation was lacking in the complaint, see *Baltimore and Ohio Southwestern Railway Co.* v. *Then*, 159 Ill. 535, *Chicago, Rock Island and Pacific Railway Co.* v. *Clough*, 134 Ill. 586, and *Illinois Central Railroad Co.* v. *Simmons*, 38 Ill. 242. The reasoning in *Lasko* v. *Meier*, 394 Ill. 71, is equally applicable in the present case. It is also noteworthy that the holding in *Klawiter* v. *Jones*, 219 Ill. 626, distinguished in the *Lasko* opinion, is also overruled under our Civil Practice Act by our opinion in *Metropolitan Trust Co.* v. *Bowman Dairy*

*Co.* 369 Ill. 222. The latter case is a landmark in this State for liberal construction of our Civil Practice Act and it was there held that even though an original complaint did not state a cause of action it could nevertheless be amended after the statutory time for bringing the action had expired (a condition precedent to bringing a wrongful death action in this State rather than a limitations period) as long as it grew out of the same transaction.

Plaintiffs here urged that defendant was given more information than he would have had by plaintiffs merely alleging a principal-and-agent or master-and-servant relationship. They further assert that "agency" is a conclusion which would be subject to objection if offered in the form of testimony. Ordinarily where specific facts are set out in a pleading, the pleader need not state the legal conclusion to be drawn from such facts. In other words, it is sufficient if the pleader states the facts and leaves the court to find the law. (71 C.J.S. 38, Pleading, sec. 15.) A general averment of the relationship of master and servant, or principal and agent, is usually held to be a conclusion of law, as is an averment that a person was an independent contractor. 71 C.J.S. 69-70, Pleading, sec. 27b.

What then, after due consideration of the foregoing authorities, must a court say concerning the information contained in the present complaint? And what can reasonably be implied therefrom? What is the reasonable intendment of the allegation that defendant Pike knowingly permitted his sister to drive his automobile? Defendant urges that no charge of misconduct on his part has been averred. Similarly he must know, by entire absence of expression, that he is not charged with knowingly permitting and entrusting his automobile to be driven by one unfit and unskilled thereby creating a hazard and danger to persons rightfully on the public highways. Therefore the only reasonable conclusion must be, since he knows of his joinder in the suit as a codefendant and that a judg-

ment for damages was sought by plaintiffs against him by reason of his sister's negligent conduct, that a vicarious liability is asserted against him. Knowing, presumptively, that the family-purpose doctrine affords plaintiffs no basis for recovery, he should also presumptively know that other normal types of vicarious liabilities exist in this State as a result of a principal-and-agent or master-and-servant relationship. The fact that ultimately defendant might clearly establish his freedom from liability for the reason that the vicarious relationship did not exist is of no importance so far as principles of pleading are concerned. It is as though one would stubbornly refuse both to plead and offer evidence (after a *prima facie* case was made) solely because the named defendant in the particular action claimed he had no connection with the alleged occurrence.

Where the legislature and courts have given to a defendant so many safeguards for his protection it would appear to be more than naivete to permit one who has been served with process, notifying him of a pending action wherein he has been named a defendant, to stand by, refuse to plead, permit a judgment to be entered, give the court no information in any respect as to any claim he might assert concerning his defense and then to permit valuable time of the courts to be consumed in post-judgment procedures and appeals. A somewhat liberal rule is frequently applied in construing a declaration or complaint where the objection is made for the first time after verdict or judgment, and it may be sufficient if the facts essential to a cause of action appear by reasonable implication only, or that the allegations are in the form of a legal conclusion which merely implies the necessary material facts. (41 Am. Jur. 576, Pleading, sec. 407.) We believe the complaint in question meets the foregoing tests discussed in the case and text authorities.

For the foregoing reasons we are of the opinion that the complaint was sufficient to support the default judg-

476

ment in this case and the judgment of the Appellate Court, Second District, affirming the judgment of the circuit court of Du Page County is affirmed.

*Judgment affirmed.*

MR. JUSTICE BRISTOW, dissenting.