Robert Eugene Chaney, a Minor, by His Mother and Next Friend, Peggy Chaney, and Peggy Chaney, Individually, Plaintiffs-Appellants, v. Walter Hunter and Harold McKee, Doing Business as Hilltop Inn, and Elbert Mitchell, Defendants. Elbert Mitchell, Defendant-Appellee.

Gen. No. 10,378.

Third District.

May 16, 1962.

Rehearing denied June 18, 1962.

Appleman, Zimmerly and McKnelly, of Champaign, for appellants.

N. E. Hutson, Robert P. Shonkwiler, of Monticello, and Dobbins and Fraker, of Champaign, for appellee.

ROETH, PRESIDING JUSTICE.

Plaintiff Robert Eugene Chaney, a minor, by next of friend and plaintiff Peggy Chaney, filed suit on September 4, 1959, against the defendants Walter Hunter, Harold McKee and Elbert Mitchell under the Dram Shop Act, seeking recovery for personal injuries sustained while riding in an automobile being driven by Clarence E. Chaney, an alleged intoxicated person. In Count 1 the minor is plaintiff and in Count 2 Peggy Chaney is plaintiff. The first three paragraphs of Counts 1 and 2 are identical and since this appeal revolves around these allegations we copy them verbatim as follows:

"1. That on September 6, 1958, and for a long period of time prior thereto the Defendants Walter Hunter and Harold McKee were joint licensees under a license duly issued for the operation of a tavern or dram shop under the laws of the State of Illinois, commonly known as the "Hilltop Inn" located in the Village of DeLand, Illinois, legal title to which premises was upon the date in question in the Defendant Elbert Mitchell, the said premises being legally described as follows:

(Here follows a legal description of the premises)

"2. That the said Defendants, Walter Hunter and Harold McKee, were then and there operat-

ing under the terms and provisions of Illinois Revised Statutes, Chapter 43, Section 135, the terms and provisions of which statute are herein incorporated by reference;

"3. That on September 6, 1958, in the evening and night hours thereof, Clarence E. Chaney entered upon the premises owned and operated by Walter Hunter, Harold McKee and Elbert Mitchell, and was then and there sold or given alcoholic liquors by the said Defendants Walter Hunter and Harold McKee, or by their duly authorized agents and servants acting in the course and scope of their employment, which alcoholic liquors the said Clarence E. Chaney consumed upon the said premises and which contributed to render him intoxicated";

Paragraph 1 of the complaint thus alleges in substance that defendants Hunter and McKee were licensees under a dram shop license for operating a tavern on premises owned by defendant Mitchell.

In paragraph 2 of the complaint the provisions of Sec 135 of the Dram Shop Act are incorporated by reference which is tantamount to incorporating this section in paragraph 2 as though it were copied therein. So far as material this section provides:

"Every person who shall be injured . . . by any intoxicated person, shall have a right of action . . . against any person . . . who shall, by selling or giving alcoholic liquor, have caused the intoxication . . . of such person; and any person owning, renting, leasing or permitting the occupation of any building or premises, and having knowledge that alcoholic liquors are to be sold therein, or who having leased the same for other purposes, shall knowingly permit therein the sale of any alcoholic liquors that have caused, in whole or in part, the

intoxication of any person, shall be liable, severally or jointly, with the person or persons selling or giving liquors aforesaid . . ."

Paragraph 3 of the complaint alleges that one Clarence E. Chaney entered the dram shop "owned and operated by Walter Hunter, Harold McKee and Elbert Mitchell." Then follow the usual allegations of sale or gift of intoxicating liquors, intoxication, and injury to plaintiffs while riding in an automobile being driven by the alleged intoxicated person. Count 1 prays damages for the minor and Count 2 prays damages for the plaintiff Peggy Chaney "against the defendants Walter Hunter, Harold McKee and Elbert Mitchell in the amount of $20,000."

Each defendant was personally served with summons on September 8, 1959, by the Sheriff of Piatt County. None of the defendants filed any appearance or other pleading and on February 11, 1960, an order of default was entered against each defendant and the cause was set for trial before a jury on March 21, 1960. On March 21, 1960, at a trial before a jury verdicts were rendered for each plaintiff against the defendants for $15,000. Judgments were entered on the verdicts on the same day.

On April 19, 1960, the defendants filed a motion supported by affidavits. The affidavits filed undertook to set up facts to excuse their lack of diligence in appearing and answering pursuant to the command of the summons and undertook to set up claimed facts constituting a meritorious defense. This motion prayed that the default and judgments be vacated and that defendants be granted leave to plead to the merits or in the alternative that a new trial be granted. Subsequently on May 27, 1960, defendants filed an amendment to this motion in which they challenged the sufficiency of the complaint to state a cause of action, and contended that the complaint did not state a cause of

action and that therefore the judgments were void. The specific point urged in the amendment was that the complaint did not allege knowledge on the part of the defendant Mitchell that alcoholic liquors were being sold on the premises. It should be noted that although defendant Mitchell filed an affidavit in support of the original motion, it is nowhere contended by him that he did not in fact have such knowledge. In fact, the showings made demonstrate the opposite fact.

The record reflects that on June 24, 1960, the following proceedings transpired in the Circuit Court, to-wit:

> "On this day come the parties in the above entitled cause by their respective solicitors and the Court doth hear arguments of counsel on the amended motion to vacate and set aside the judgments by default against Walter Hunter and Harold McKee, doing business as Hill Top Inn, and Elbert Mitchell. The Court being fully advised in the premises upon consideration thereof doth hereby order that the amended motion to vacate and set aside the judgments by default against Walter Hunter and Harold McKee, doing business as Hill Top Inn be and the same is hereby denied. The amended motion to vacate and set aside the judgments by default against Elbert Mitchell is hereby allowed. The verdicts and judgments entered thereon as against the defendant, Elbert Mitchell, on March 21, 1960 is hereby vacated, and set aside. The verdicts and judgments entered thereon as to the defendants, Walter Hunter and Harold McKee, doing business as Hill Top Inn, to stand."

Thereafter plaintiffs sought leave to amend the complaint by filing two additional counts which were substantially the same as the original counts except that it was specifically alleged in the proposed additional

counts that "the defendant Elbert Mitchell was upon September 6, 1958 (the date of plaintiff's injuries), the legal owner of the premises previously described, which he did then and there knowingly permit to be occupied by Walter Hunter and Harold McKee for use as a dram shop." On March 10, 1961, the trial court denied leave to amend the complaint and thereupon entered final judgment for the defendant Mitchell and against plaintiffs for costs. Only the defendant Mitchell is involved in this appeal. No appeal has been taken by defendants Hunter and McKee and as to them the original judgments are in full force and effect.

■ ■ It is apparent from the record before us that the judgment of the trial court was predicated solely on the ground that the complaint failed to state a cause of action against Mitchell and was so defective as to be void and insufficient to support the judgments against Mitchell. This is the sole question presented to this court by the briefs of respective counsel.

In Johnson v. Illini Mut. Ins. Co., 18 Ill App2d 211, 151 NE2d 634 (Leave to appeal to Supreme Court denied) we laid down the rule governing the test to be applied in determining the sufficiency of a complaint after judgment, in the following language:

> "A default admits every material and traversable fact alleged in the complaint. A liberal rule is applied in construing a complaint where its sufficiency is raised for the first time after judgment. A complaint is sufficient if the facts essential to a cause of action appear by reasonable implication only, or if the allegations are in the form of legal conclusions which merely imply the necessary legal facts. After judgment a court of review will do its utmost to construe a complaint as effectively alleging a good cause of action rather than as failing to allege a cause of action. Parrino v. Landon, 8 Ill2d 468, 134 NE2d 311."

170

In the case of Parrino v. Landon, 8 Ill2d 468, 134 NE2d 311, which we relied upon for pronouncement of this test, the Supreme Court said:

"There are numerous foreign and Illinois cases which have dealt with the problem of whether certain complaints have stated a good cause of action effectively or stated no cause of action at all. A careful analysis of a great many of these cases gives rise to a serious doubt as to the proper basis for decision and one becomes somewhat confused by conflicts that appear irreconcilable. A black or white label can be applied either way. The path of proper direction for future travelers along this course is rendered no less hazardous by compounding the confusion by a mere choice of labels. The consequence of such condition is a greater liberality in legislation governing procedure and practice in both Federal and State courts.

"Our decisions in Wagner v. Kepler, 411 Ill 368, and Gustafson v. Consumers Sales Agency, Inc., 414 Ill 235, although containing factual differences, reflect the recent trend of all courts to make form inferior to substance. We believe both justice and reason command the conclusion that such pleading as gives enough information to indicate a ground for liability is sufficient to support a judgment. Even under common-law rules, because of many injustices that would result by reason of technicalities which arose, the doctrine of aider by verdict was employed by the courts. In Pennsylvania Co. v. Ellett, 132 Ill 654, at 662, this court declared, quoting Tidd's Practice: 'At common law, when anything is omitted in the declaration, though it be matter of substance, if it be such that, without proving it at the trial, the plaintiff could not have had verdict, and there be a verdict for

plaintiff, such omission shall not arrest the judgment.' For examples of cases upholding judgments after verdict where a substantial allegation was lacking in the complaint, see Baltimore and Ohio Southwestern Railway Co. v. Then, 159 Ill 535, Chicago, Rock Island and Pacific Railway Co. v. Clough, 134 Ill 586, and Illinois Central Railroad Co. v. Simmons, 38 Ill 242. The reasoning in Lasko v. Meier, 394 Ill 71, is equally applicable in the present case. It is also noteworthy that the holding in Klawiter v. Jones, 219 Ill 626, distinguished in the Lasko opinion, is also overruled under our Civil Practice Act by our opinion in Metropolitan Trust Co. v. Bowman Dairy Co., 369 Ill 222. The latter case is a landmark in this State for liberal construction of our Civil Practice Act and it was there held that even though an original complaint did not state a cause of action it could nevertheless be amended after the statutory time for bringing the action had expired (a condition precedent to bringing a wrongful death action in this State rather than a limitations period) as long as it grew out of the same transaction."

In the case of Wiedow v. Carpenter, 310 Ill App 342, 34 NE2d 83, the court considered the sufficiency of a complaint strikingly similar to the one in the case at bar. The only difference is that there the complaint set out Sec 135 of the Dram Shop Act whereas here it is incorporated by reference. The court said:

"The complaint set out the Dram Shop act, and specifically the section (par 135, Sec 14, art 6) which provides for 'exemplary damages' by stating that one who 'shall knowingly permit therein the sale of any alcoholic liquors that have caused, in whole or in part, the intoxication of any person, shall be liable, severally or jointly, with the per-

172

son or persons selling or giving alcoholic liquors aforesaid, for all damages sustained, and for exemplary damages.' This reasonably informed defendants of the nature of the claim which they would be called upon to meet. This was sufficient. Section 42, Civil Practice Act."

Tested by the principles announced in the foregoing authorities we are of the opinion that the complaint in the case at bar sufficiently advised the defendant Mitchell of the nature and grounds of the demand against him and that plaintiffs were seeking a judgment against him. The strict command and admonishment of the summons warned him that his failure to appear or answer would result in a judgment by default for the relief prayed. Any fair interpretation of the complaint and summons would advise him that plaintiffs were each seeking judgment against him and the other two defendants. Having held that the complaint in the case at bar was sufficient, it would follow that it was amendable.

There is one additional matter that requires our consideration. The original motion filed by the defendants to set aside the default and judgments and for leave to plead, was filed within 30 days after the judgments were entered. This motion has never been passed upon by the trial court and stands undisposed of as far as the record shows. We are therefore constrained to remand this cause to the trial court for further consideration. In so doing we express no opinion as to the sufficiency of the motion or the showing made in support thereof.

Since defendants Hunter and McKee have not appealed from the judgment order of June 24, 1960, and since we hold that the complaint states a cause of action as to defendant Mitchell, upon remandment, the complaint should be treated by the trial court as legally sufficient to state a cause of action as to all

defendants. The trial court should then consider and pass upon the motion of all defendants to set aside the default and judgments and for leave to plead as now filed, and either grant or deny the same.

Accordingly the judgment of the Circuit Court of Piatt County will be reversed and the cause remanded with the foregoing directions.

Reversed and remanded with directions.

REYNOLDS and CARROLL, JJ., concur.