Houston, J.
This matter arises out of a claim that defendants Brynwood Partners II, L.P., Hendrick Hartong, Richard Niner and William Kantor (Bryn-wood) breached their fiduciary duty by selling Athena Design Systems, Inc. (Athena) without the consent of the plaintiff Maiy F. Howard as founder and Chief Executive Officer of Athena, and subsequently terminating her employment. Brynwood seeks to compel the plaintiff Howard, who sues individually and on behalf of Athena, to answer interrogatories pursuant to Mass.R.Civ.P. 37(a) on the grounds that Howard’s answers lacked sufficient particularity. For the reasons set forth below, Brynwood’s motion is DENIED.
DISCUSSION
I. Sufficient Particularity of Answers
In its interrogatories to Howard, Brynwood requested that Howard “state the basis” of multiple paragraphs in her complaint according to Brynwood’s definition of that phrase, which consisted of a request that Howard identify: 1.) each document and subpart therein, each communication, the time, place and nature of each act, and any other fact regarding the alleged facts or legal conclusions referred to by the interrogatory.[3] Brynwood claims that Howard’s answer to each interrogatory provides little more information than is stated in the complaint, and is therefore insufficiently specific to fulfil the requirements of Mass.R.Civ.P. 26(b). In opposition, Howard asserts that in its motion to compel, Brynwood failed to specifically state the text of each purportedly deficient answer to the interrogatory and the grounds for why the answer is deficient as required by Superior Court Rule 30A (1994).[4]
Brynwood brought this motion to compel for failure to provide the minimal information requested by the interrogatories and as required by Mass.R.Civ.P. 26(b). Massachusetts rules of discovery require specificity which includes “the existence, description, nature, custody, condition and location of any books, documents, or tangible things and the identity and location of persons having knowledge of any discoverable matter.” Mass.R.Civ.P. 26(b). Howard’s answers do, in fact, identify documents, communications, and records (many of which are in Brynwood’s possession pursu *338 ant to Plaintiffs Response to Defendants’ First Request for Production of Documents), although not with the specificity requested and according to Brynwood's definition of “state the basis.”
According to Mass.R.Civ.P. 37(a)(3), incomplete answers are to be treated as failure to answer under Mass.R.Civ.P. 37(a)(2). Nevertheless, Biynwood’s motion does not fulfill the requirements of Superior Court Rule 30A (1994). Briefs pursuant to Superior court Rule 30A are required to separately contain (1) a text of the interrogatory or request, (2) the opponent’s response and (3) an argument. Brynwood states an argument generally for all of the interrogatories as a whole, but fails to specify what is insufficient about each separate answer. Since Howard’s answers refer to documents (without referring to each section, paragraph or subpart therein) it is impossible for this court to determine exactly what Brynwood intends to have compelled. In its motion, Brynwood’s mere assertion that Howard’s answers are insufficient under Mass.R.Civ.P. 26 does not provide a basis upon which to grant an order to compel further answer to interrogatories. On the contrary, Howard has identified documents, communications and records in compliance with discovery rules. Therefore, because Brynwood has not specified the deficiency of each answer as well as an argument as to why it is deficient, and has not clarified with particularity what answers it wishes this court to compel, Brynwood’s motion cannot be granted.[5]
II. Documents and Records Provided
Howard claims that she is currently subjected to a “freeze-out” from Athena, which provides justification for the delay producing all potentially relevant information. In lieu of providing more particularized answers to Brynwood’s interrogatories, however, Howard has made available to Brynwood eight (8) boxes of documents containing support for her claim, pursuant to Mass.R.Civ.P. 33(c).[6] In Massachusetts, the burden of deriving an answer for the provided documents must be the same as it would be for the party which is providing the documents, and “specification shall be sufficient in detail to permit the interrogating party to locate and to identify, as i-eadily as can the party served, the records from which the answer may be obtained.” Mass.R.Civ.P. 33(c). Howard’s provision of eight (8) boxes of documents, along with the identification of documents, though general in nature, is in compliance with this rule.
Howard’s actions in making documents available for inspection, along with the answers to interrogatories provided, is allowable under Mass.R.Civ.P. 33(c). As stated above, without further clarification and specificity by Brynwood, it is impossible to grant Brynwood’s motion to compel further answer to interrogatories. Thus, Brynwood’s motion is DENIED.
ORDER
Based on the foregoing, Biynwood’s Motion to Compel Plaintiff Mary F. Howard to Answer Interrogatories is hereby DENIED pursuant to Superior Court Rule 30A (1994).

Defendant defined the term “state the basis” as follows: “State the basis” as used herein shall require plaintiff to identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the plaintiffs information regarding the alleged facts or legal conclusions referred to by the interrogatory; identify each and every communication which forms any part of the source of the plaintiffs information regarding the alleged facts or legal conclusions referred to by the interrogatory; state separately the acts or omissions to any act on the part of any person (identify the acts or omissions to act by stating their nature, time, and place in identifying persons involved) which form any part of the party of the plaintiffs information regarding alleged facts or legal conclusions referred to in the interrogatory; and state separately any other fact which forms the basis of the plaintiffs information regarding the alleged facts or conclusions referred to in the interrogatory.

Howard has asserted a general objection to the interrogatories on the grounds that she is not required to produce complete answers to interrogatories, nor disclose all potentially relevant facts at this point, because discovery is ongoing and it is premature to require that all potentially relevant facts be assembled and disclosed. Howard states that Mass.R.Civ.P. 33(b) provides that, the court may order that she need not answer an interrogatory involving an opinion or contention that relates to a fact or the application of law to a fact, until the completion of discovery, or until a pretrial conference. To date, this court has not ordered such a delay in answering Brynwood’s interrogatories in this matter, and does not do so at this time.
Discovery is permissible for any nonprivileged material which is relevant to the pending action and is reasonably calculated to lead to the discovery of admissible evidence. Hull Municipal Plans v. Massachusetts Municipal Electric Co., 414 Mass. 609, 615 (1993). Discovery requires specificity to the extent discussed above and as required by Mass.R.Civ.P. 26(a). The purpose of discovery is to prevent surprises at trial and to encourage settlements by affording parties the right to obtain information with particularization in order to encourage possible settlements. 27 C.J.S. Discovery §20 (1959), citing Parrino v. London, 134 N.E. 2d 311 (Ill. Sup. Ct., 1956). While this court does have the power to protect a party from haring to fully answer interrogatories “until after designated discovery has been completed or until a pretrial conference or other later time,” this power is reserved for “appropriate cases.” Wright, Miller and Marcus, Federal Practice and Procedure, Vol. 8A §2167 at 250 (1994), pursuant to the court’s discretion. G.T.E. Products Corp. v. Stewart, 414 Mass. 721, 725 (1993). Furthermore, while Howard’s right to amend her answers to interrogatories at some future time is reserved, such an allowance provides no justification to withhold information known at the time. This court, therefore, rejects the contention that Howard may withhold possibly relevant information merely due to the particular stage in discovery.

Broad discovery rights afforded to the parties do not include requests which are unduly burdensome and will not be allowed according to Mass.R.Civ.P. 26(c).

"Where the answer to an interrogatory may be derived or ascertained from the business records ... it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine . . .’’ Mass.R.Civ.P. 33(c).